## JOHN FORD *vs.* JOHN S. WRIGHT.

ON a writ of error, the plaintiff in his assignment of errors, stated that judgment was rendered for $59.36 costs of suit, whereas it ought to have been rendered for $10.97 cost of suit only ; and this assignment was held to be sufficient.

In allowing bills of costs, the court take notice of the distance and situation of the places where parties live, of the number of days the court sits at each term, of the appearance or non-appearance of the defendant; and enquire into every matter upon which a correct taxation of costs must depend.

And in a writ of error, brought to reverse a judgment for a mistake in the judgment for costs, the fact whether there is a mistake must be ascertained in the same manner as mistakes in bills of cost are ascertained when presented for allowance before judgment.

THIS was a writ of error, brought to reverse a judgment of this court.  It appeared by the record, and the papers filed in the cause, that Wright brought an action of assumpsit against Ford, and Calvin Benton, his trustee, upon certain promissory notes, two of which were alleged to have been made by Ford, to have been payable to J. B., or order, and to have been by him endorsed to the plaintiff.  The action appeared to have been entered at May term, 1825, and Ford's default was recorded at May term, 1826 ; but no appearance for him was entered at any time.

At November term, 1829, judgment was rendered in favor of the trustee for his costs, $55.69 ; and against Ford, the principal, for $339.31 debt, and $59.36 costs of suit.

The notes payable to J. B., which had been filed in the cause, did not appear to have been endorsed by the payee.

In the taxation of the costs against Ford, it appeared that at November term, 1826, $2.75 were taxed for attendance, when the court sat only nine days ; that at November term, 1827, $3 were taxed for attendance, when the court sat only nine days ; and at May term, 1829, $3 were taxed for attendance, when the court sat only eleven days.

It further appeared, that an attorney's fee of $1.34 was
taxed in the bill of costs; and that Wright was described in the writ as of Boston, in the commonwealth of Massachusetts, and that at some of the terms his travel was taxed at $2.50 and at others at $3.

The writ was served upon Ford in April, 1825.

The assignment of errors was, " that judgment was rendered for the said Wright against the said Ford for too large a sum in costs, being rendered for the sum of $59.36 costs of suit—whereas judgment should have been rendered, as appears by the record and proceedings aforesaid, that the said Wright recover in costs the sum of $10.97, costs only."

To this, the defendant in error pleaded *in nullo est erratum.*

*Bell,* for the defendant in error. The assignment of errors is defective, and lays no foundation for reversing the judgment. No error in the taxation of the costs appears on the face of the record. If too much has been taxed for travel, or for attendance, or for an attorney's fee, the facts which show it should have been stated. The defendant would then have had an opportunity to have the facts settled by a jury.

*Wilson,* for the plaintiff in error. This writ is not brought for error in fact. It is brought for error through the default of the clerk in allowing more costs than were by law allowable. There was too much allowed for travel, too much for attendance; and an attorney's fee was allowed, when the party was entitled to no attorney's fee. The court, for the purpose of taxing costs, take notice of the number of days the court is in session each term ; of the distance and situation of the places where the parties reside ; and of the appearance or non-appearance of the parties.

It appears, by the bill of costs filed in the cause, that attendance for several days more than the court was in session was taxed. This is error. *5 Mass. R.* 389 ; 7 *do.* 95.

There is another error, in taxing the attendance of the original plaintiff. The statute declares that in all actions wherein the defendant suffers default, having made no appearance, the plaintiff shall not be allowed more than five days attendance at any one term. In this case, then, no attendance beyond five days could be allowed at any term.

And when, in process of foreign attachment, the principal, after having had due notice, does not appear, no travel is to be allowed, nor any attendance after the next term following the notice.

No attorney's fee ought to have been taxed. The statute allows an attorney's fee only in cases where the defendant appears.

Wright's travel in the county, in the most usual way from Boston to the courts, could not at any term have exceeded fifty miles; yet when the court sat at Haverhill, sixty miles are taxed.

Of all the facts which show these errors, the court are bound to take notice; the assignment of errors is sufficient.

RICHARDSON, C. J., delivered the opinion of the court.*

It is objected in this case, that the assignment of errors is wrong. It is said that the errors in the taxation of the costs should have been particularly stated, so that any matter of fact that may be in controversy between the parties may be tried by a jury.

In order to settle the question which this objection raises, we must advert to our practice in taxing and entering judgment for costs.

Costs are usually taxed by the attorney of the party who is entitled to them; and in general they are examined and allowed by the clerk of the court.

When there is any dispute as to any item or items in the bill of the costs taxed, application is made to a judge, who examines and settles what is to be allowed.

* PARKER, J., having been of counsel did not sit.

Ford
*vs.*
Wright.

In ascertaining what is to be allowed for the attendance of a party, we always take notice judicially of the number of days the court sits at each term.

So, in determining what is to be allowed for travel, we take notice of the distance and situation of the place where the party entitled to be allowed for travel resides.

And we take notice of the fact, whether the defendant appeared and answered to the action.

Indeed, we enquire into every fact that may be material to enable us to see whether the costs are taxed correctly.

In this case, the record is brought before us in order to have a supposed error in the judgment for costs corrected. How is the error, if any, to be ascertained? It is very obvious that it must, from the very nature of the thing, be ascertained in the same way that it must have been ascertained, had the bill of costs been laid before the court for examination and allowance before the judgment was rendered.

Nor is there any thing unusual in this course.

In *Pelham* vs. *Waters*, 1 *Salkeld* 269, it was held that on a writ of error the court must take notice of the particular laws and customs of the place where the judgment was rendered; and the law of the place need not be returned, but the court must inform themselves of it.

In *Hoyle* vs. *Lord Cornwallis*, 1 *Strange* 387, on error the writ of enquiry appeared to have been executed on a day which on looking into the almanack was found to be Sunday. It was held, that the court were bound to take notice of that fact, although it was not specially assigned.

Indeed, there are many things of which a court is bound to take notice judicially. 1 *Starkie's Ev.* 400; 1 *Chitty's Pl.* 216—226; *Cro. Charles* 178, *Griffith* vs. *Jenkins;* *Cro. Eliz.* 502, *Broughton* vs. *Randall.*

And we are of opinion that the assignment of errors in this case is sufficient; and as it appears that too much cost was allowed, the judgment must be reversed and judgment entered for such sum as was by law taxable.