## W. D. BELL *vs.* W. SOMERBY and R. STOKELL, his trustee.

In process of foreign attachment, even when the goods or estate of the principal are attached, the service must be made upon the principal, by leaving with him a copy of the writ, and not a summons.

THE plaintiff in this case sued out a writ, by which the sheriff was commanded to attach the goods or estate of the principal, and summon the trustee. The sheriff, in his return upon the writ, had stated that he had served it upon the principal by attaching certain property and giving him a summons. The principal in his plea prayed judgment of the writ, because it had been served upon him by leaving a summons, whereas by law it ought to have been served by leaving with him a copy of the writ itself.

To this plea the plaintiff demurred, and the principal joined in demurrer.

*Goodrich*, for the plaintiff.

*Emery* and *Bartlett*, for the principal.

RICHARDSON, C. J., delivered the opinion of the court.

By the statute of February 12, 1791, it was provided, that the process to be used in cases of foreign attachment should be a summons, the form of which was enacted. And it was further provided, that the writ should be served both upon the principal and upon the trustee, in the same way and manner as original summonses in other cases ought to be served.

The statute of February 9, 1791, provided that all writs of summons should be served by reading the same to the defendant, or by leaving an attested copy thereof, with a

copy of the service, at his last and usual place of abode.

The statute of July 2, 1825, which was in addition to the act of February 12, 1791, provided that in process of foreign attachment the goods and estate of the principal might be attached, and that the form of the writ prescribed in the statute of 1791 should be altered accordingly. Under this statute, as the process had become a writ of attachment, it seems to have been necessary to serve it by a summons, as in other cases.

But the statute of July 3, 1829, provides that process of foreign attachment shall be served upon the trustee, in the same manner as writs of summons in other cases are by law required to be served; and in like manner shall be served on the principal debtor, if he be an inhabitant or resident in this state.

Under this statute the writ now before us was served. And we are of opinion that the language of the statute is too clear and explicit to admit a doubt that the intention of the makers of the statute was that the process should be served upon the principal, by a copy of the writ, and not by a summons.

There must, therefore, be

*Judgment that the writ abate.*