## SENTER *vs.* CARR.

Under the provisions of sec. 7, chap. 191, of the Revised Statutes, the court of common pleas are fully authorized, at any stage of the progress of an action before judgment, upon notice, and good cause shown, to order such security for costs as the court may deem just and reasonable.

The mere insolvency of a plaintiff, existing at the commencement of the action, and continuing afterwards, will not furnish sufficient cause for such an order.

CASE, for slander. In the court below the defendant offered

evidence that the plaintiff was destitute of property, and moved the court to order the plaintiff to give security for such costs as the defendant might recover upon the trial of the action; contending that the court had authority for that purpose under sec. 7, ch. 191, of the Revised Statutes, and that the want of property of the plaintiff was a sufficient reason why she should furnish security.

And the question arising upon said motion was ordered to be reserved and transferred to this court for decision.

*Christie*, for the plaintiff. The statute is entirely unintelligible. I do not think the legislature meant to make so great an alteration in the law, *sub silentio*, as is claimed to have been made.

This must have been a mistake. We must take it literally, if no other construction can be given. And it cannot apply to this case, because the action was pending when the law was passed. I do not deny that the court may go far to sustain the statute, when the meaning can be found out.

*Porter*, for the defendant. The object of the section under consideration is to give the court equitable jurisdiction on the question of costs.

This section only reënacts the old law. The old law is general. 1 *N. H. Laws (Ed. of* 1830,) 324. There the court are limited to the county where judgment is rendered, and they have power to require security for costs. The right to exercise discretionary power, implies the right to require security.

The evil to be remedied was that of putting forward plaintiffs who are irresponsible.

Limitation, as to time and place, may be applied to the object of the first part of the section.

This section is not well drawn up, I admit. The construction of remedial statutes should be equitable. 3 *Coke R.* 7, *Haydon's Case;* 1 *Durnford & East* 44, *Jones* vs. *Smart*, is a case on the construction of statutes. Courts will carry out the intention of a statute, if possible, and will change the grammati-

cal structure of a sentence. 14 *Mass.* 92, 93. The jurisdiction of courts on questions of costs, has been constantly enlarged. This statute is remedial, and should be so construed as to cure the mischief that exists.

The court may expunge words, as well as supply them, as they did in 1 *Term R.* 44, *Jones* vs. *Smart.* "In the county where the judgment was rendered," crept in by accident, doubtless. If these words destroy the main object of the section, they should be expunged. 8 *Mass.* 472 ; 1 *Pick.* 258. The section as reported was *to limit and allow costs ;* the amendment, *to furnish security for costs.*

WOODS, J. The motion of the defendant, for an order upon the plaintiff to furnish security for costs in this case, is based upon § 7, ch. 191, of the Revised Statutes. That section provides that " in all actions or petitions, pending in the superior court or court of common pleas in the county where judgment is rendered, the said courts may, on motion and on good cause shown, limit and allow such costs, and order such security as they may deem just and reasonable." The cause shown is the insolvency of the plaintiff. We take it, both upon the case and upon the arguments, that the plaintiff was insolvent at the time of the commencement of the action, and that it is not a case of change of circumstances since that period, resulting in insolvency. The contrary of this view does not appear by the case, and is not suggested, and we take this to be the true state of the fact.

Have the court the requisite authority to grant the motion, and can the motion prevail ? Is good cause shown for making the order for which the motion is made ? Does the case fall within the purview of the statute ? Upon looking at the provisions of the section under consideration, it is obvious that it is somewhat inartificially drawn, which is in some degree calculated to render its meaning obscure. Upon a literal construction of the whole language of the section, it will be seen that it is only in the case of the rendition of a judgment that the court are authorized to order security for costs, and to limit and allow costs. And it is equally obvious that such an order, after judgment for security

for costs, would be merely nugatory. It could not be enforced. What power would the court have to enforce such an order, after judgment, and when the parties are no longer in court, to act or revive farther judgment, and no special means are provided for its enforcement? But such a construction, attended with such a result, is not to be given to the section, if it be susceptible of another, which will give force to the provision; and we think it is. It is understood that the report of the committee appointed to revise the statutes contained no provision in relation to the order for security for costs, but only made provision giving the court power upon the rendition of judgment, " on motion, and good cause shown, to limit and allow such costs" as they might deem just and reasonable.

That section, as it came from the hands of the committee, and all the other sections of that chapter, both when they came from the committee, and now, made provision in relation to the costs to be allowed to parties, upon the rendering of judgment only, and had no reference to costs, or security for costs, at any stage of the action prior to judgment.

An amendment of the 7th section was afterwards made, by an insertion of the additional words found in the section, viz: " and order such security for costs," without any other revision or alteration of the provisions of the section, as it came from the hands of the committee. It is obvious that whatever of obscurity attaches to the section has arisen from this cause. The object, however, of the legislature in making the amendment we think is manifest, and that it was intended to give the courts power, during the pendency of actions, and before judgment, " on good cause shown," to " order such security for costs as they may deem just and reasonable." Certainly, adequate authority did not exist, in many cases, clearly demanding the exercise of such power, prior to the act now under consideration; and it may well be supposed that the legislature had it in view to supply the deficiency, and remedy the mischiefs resulting from the want of such authority.

The insertion of the clause referred to was evidently intended as an additional provision of some force in the section; and since

it can only have force and effect in giving power to order costs during the pendency of actions, the court are bound to give it that construction, if the language of the section will admit of it. Every clause and provision of a statute is to be presumed to have been intended to have some force and effect.   22 *Pick.* 571, 73. The clause in relation to the rendition of the judgment is to be construed as having no force to limit the operation of the clause or provision for security for costs.   It was not intended to have that operation.   This being a remedial statute, is to secure an equitable interpretation, by which the letter of an act is sometimes restrained and sometimes enlarged, so as the more effectually to meet the beneficial end in view, and prevent a failure of the remedy.   1 *Kent's Com.* 434.

On the whole, we are of the opinion that the section under consideration was intended to provide for the ordering of security for costs in the case of actions still pending, as well as for the limitation and allowance of costs where judgments are rendered, in the discretion of the court, on motion and good cause shown.

The farther question made is, whether " good cause" is shown, or such cause as the statute contemplates.   Is the mere insolvency of the plaintiff, at the time of the commencement of the action, and which still continues, such sufficient cause ?

It is no legal objection to an action, that the party bringing it is insolvent ; and if the party be an inhabitant of this State, such party may indorse his own writ, and has no occasion to furnish security for costs, for the purpose of the proper institution of the suit.

Such was, before the revision of the statutes, and still is, the express provision of the statute.   " All original writs shall, before they are served, be indorsed on the back thereof by the plaintiff, his agent or attorney, being an inhabitant of this State ; and if the plaintiff is not an inhabitant of this State, by some responsible person who is such inhabitant."   *Rev. Stat.*, *ch.* 182, § 17.

By the universal usage and practice, nothing more is necessary, in order to the proper commencement of an action, by an inhabitant of this State, than that the writ should be indorsed by

the party, or his agent or attorney in his behalf. In the present case, the suit was instituted in that manner by an inhabitant of this State. At least, no suggestion is made that such is not the fact, or that the suit was not properly commenced, and we take the fact to be that it was so. No suggestion is made of any change in the circumstances, or of the residence of the plaintiff, since the action was commenced.

We are, then, called upon by the defendant to hold, that, although the suit was well instituted, and according to the provisions of the statute, and the party was rightfully in court, having given all the guaranties for costs which are required by the express provisions of the statute, and by a universal usage in this State, for that purpose, the insolvency of the party alone, which formed no objection in point of law to the proper institution of the action under the statute, is a sufficient cause for an order for security for costs, upon a motion made upon the entry of the action in court.

Evidently, the institution of suits by persons insolvent at the time, without any guaranty for costs beyond the indorsement required by the statute, was not regarded by the legislature as an evil calling for a remedy at the time of the revision ; for if it had been so regarded, the law would not have been reënacted, giving such authority and right to such parties.

In fact, such practice is in accordance with the policy of the law itself long since adopted in this State, and still pursued. The legislature had other objects in view, in the passage of the statute under consideration, than a change of the law in this respect. Such change could not have been contemplated. And a statute making mere insolvency a cause for ordering security, would in effect be an entire change of the law. It would be equivalent to requiring security before the service of the writ. The effect on the party would ordinarily be the same in the one case as in the other. There would be the same danger that the insolvent party would be rendered remediless by reason of his inability to procure security for costs, after the commencement of his action, as before ; and the existence of such danger has doubtless been the reason thus far of omitting the requirement of security for costs by insolvent and other parties, by the legislature.

But it is unreasonable to suppose that the legislature will purposely create an evil for no higher imaginable object than thereby rendering it necessary to provide a remedy for it, and at the same time attempting such remedy. And such would be the effect of such a doctrine as that contended for by the defendant. No such folly is to be imputed to a wise and responsible legislative assembly.

We are of the opinion, on the whole, for these reasons, that such insolvency is not a sufficient cause, such as the statute contemplates. If the suit be well commenced, and all the guaranties for costs furnished which the statute requires for that purpose, a cause, in order to be regarded as sufficient, must arise subsequently, and must be the result of some change of circumstances, either of the party, or of the cause or state of the action, or of some fault, or laches, or favor asked, on the part of the plaintiff.

The judgment of the court, therefore, is, that the defendant takes nothing by his motion.

*Motion denied.*