Gale *v.* French.

---

## GALE *v.* FRENCH, Defendant in Review.

Mere insolvency affords no ground for the exercise of the discretion conferred upon the courts by the Revised Statutes, chap. 191, sec. 7, regarding security for costs; but such discretion may be exerted in cases in which a plaintiff is prosecuting a suit, the merits of which have once been decided against him.

Courts can not impose terms for amendments in matters of form.

IN this action the plaintiff in review moved the court for leave to amend the writ of review in a matter of form, which motion was granted. Upon that ground, and upon the further ground of the entire irresponsibility of the plaintiff to respond the costs of the action, the defendant moved the court to order the plaintiff to furnish security to respond the costs, under sec. 7, chap. 191, of the

Revised Statutes. No change has taken place in the plaintiff's circumstances since the commencement of the original action. The court granted the motion, to which the plaintiff excepted.

It was ordered that the questions arising upon the foregoing ruling and exceptions be reserved and assigned to this court for decision.

*Carleton*, for the plaintiff.

*Hazelton*, for the defendant.

Woods, J. Rev. Stat., chap. 186, sec. 10, provide that no writ, declaration, or other proceeding, shall be abated or quashed by reason of any formal error, and authorize the court to order amendments upon motion. The following section authorizes the court to permit amendments in matters of substance, upon just and reasonable terms. The necessary and established construction of the two sections is, that terms can not be imposed for the first named class of amendments. The court below therefore had not a discretion to require the plaintiff in review to furnish security for costs as a condition of amending his writ in the particular of mere form.

The second ground upon which the defendant's motion was urged, depends upon the Revised Statutes, chap. 191, sec. 7, which empowers the court, upon good cause shown, to order reasonable security for costs to be furnished. In the construction of this statute, this court has held, that the mere poverty or insolvency of the plaintiff did not of itself furnish sufficient ground for granting such an order.

But where a plaintiff is pursuing his claim under circumstances wearing an aspect of oppression or vexation, or where facts exist which raise a legal presumption that his claim is unfounded, as where a verdict, judgment, or

nonsuit, has once been taken or entered in a suit involving the same questions, courts having the power have ordinarily interposed some restraints upon its prosecution, with a view to the protection of the defendant. The statute which has been referred to appears clearly to authorize such interposition, and the present case falls as clearly within the reason of those in which the discretion of the judge has ordinarily been exercised for that purpose. *Feneley* v. *Mahoney*, 21 Pick. 212.

The plaintiff has once failed in his action, and is unable to answer to the defendant the consequences of another failure, should he incur it. The court below therefore acted clearly within their authority in ordering the security. Good cause was shown for requiring security for costs within the purposes of the statute.

*Exceptions overruled.*