## HODGDON *v.* MERRILL.

The form of the security for costs required by the court, is a bond " to pay the whole or such part of the costs awarded to be paid by —— to ——, as the court may order."

Ordinarily the party admitted to prosecute or defend a suit between others, for the protection of his rights, incidentally involved in its decision, will be chargeable for the costs arising from his interposition.

The party commencing a suit in the name of another, or voluntarily becoming the assignee of either party in a case in litigation, and continuing to prosecute or defend the action in the name of the assignor, will be charged with the costs from the beginning.

MOTION for security for costs.

The action was entered in the court of common pleas at the February term, 1848; the death of the plaintiff was suggested February term, 1849; and his administratrix appeared and assumed the prosecution of the suit, February term, 1852. The estate of the plaintiff was duly decreed to be administered as an insolvent estate, and is in fact insolvent. The defendant, at this term, moved that the plaintiff be ordered to file security for costs, on the ground of the death of the original plaintiff, and the insolvency of his estate; and on the further ground, that the action is prosecuted in the name of the administratrix, for the benefit of other persons than the heirs and creditors of said estate.

And it was shown that other persons having an interest in the land, which is the subject matter of the suit, had made an arrangement with the administratrix, to appear and prosecute the suit for their benefit. The court being of opinion that the order to furnish security for costs should be made, it was objected on the part of the plaintiff, that the security required should not be for costs already incurred, but for future costs only; or if for any past costs, for such only as were incurred after the appearance of the administratrix to prosecute, or after the decree of insolvency. On the part of the defendant, it was contended that the security should be for all costs, past and prospective.

*Butters*, for the plaintiff.

*Norris* and *Bellows*, for the defendant.

BELL, J. By the Revised Statutes, chap. 191, § 7, " the superior court and courts of common pleas " are authorized, " on motion and on good cause shown, to order such security for costs as they may think reasonable." Under this statute, it has been held that the mere insolvency of a plaintiff, existing at the commencement of the action and continuing afterwards, will not furnish sufficient cause for an order for such security. If the suit be well commenced, and all the guaranties for costs furnished, which the statute requires for that purpose, a cause, in order to be regarded as sufficient, must arise subsequently, and must be the result of some change of circumstances, either of the party or of the cause, or state of the action, or of some fault, or laches, or favor asked on the part of the plaintiff. *Senter* v. *Carr*, 15 N. H. Rep. 375. There were, however, some cases existing before the passage of the Revised Statutes, which first gave the general power to require security for costs, in which the courts had constantly, and from a very early day, required such security. The first of these cases

which occurs to us, is the case of plaintiffs residing out of the State. So early as September, 1705, " security for costs " was ordered, " the plaintiff being a stranger," as appears by the records. And this has always been regarded as a good cause for requiring such security.

From a very early date, it has been held that when one person has an equitable right or claim against another, which he can obtain only by a suit in the name of a third person, he may use the name of that person in an action to enforce his right; but the courts have always held that the real party in such case must furnish to the plaintiff on the record, ample indemnity against costs, if required. *Webb* v. *Steele*, 13 N. H. Rep. 230. And in such cases, it has also been held that the actual plaintiff would not be permitted to prosecute his suit in the name of an irresponsible plaintiff upon the record, but would be required, upon motion of the defendant, to furnish to him, also, security for costs. In both these cases the practice of the court is not founded upon any statutory provision, but upon long established usage, based upon the principles of the common law. 1 Tidd Pr. 477, 478. Parties in interest are also allowed by the courts to prosecute or defend actions pending in the names of others, where any special cause is shown for such interference, but leave for this purpose is granted, and such interposition is allowed, only upon condition that security for costs shall be given to all persons whose interests are liable to be injuriously affected by it. And it has, so far as we are aware, always been held good cause for the court to require security for costs that the real party is prosecuting or defending a suit in the name of a party who has no interest. *Holland* v. *Seaver*, 1 Foster's Rep. 386.

In the case of *Kendall* v. *Fitts*, 2 Foster's Rep. 1, a question arose relative to the form of the bond to be given as security for costs, and it was then held that the condition of such bonds should be, " to pay the whole or such part of the costs awarded to be paid by " (the plaintiff) " to " (the

defendant, or the reverse) " as the court may order." The effect of this determination is to leave the amount of costs, which the party may be bound to pay, to be decided by the court, when the cause is ended, and all the facts in the case are understood. If the order required a bond to pay certain specified costs, the court would have little power to relieve a party from the consequences of any mistake. The court are still satisfied of the soundness of the rule adopted in that case.

In the case of *Hampstead's Petition*, Rockingham, Dec. term, 1849, and in the case of *Grafton's Petition*, 2 Foster's Rep. 216, we had occasion to consider the liability of parties who are admitted to appear as defendants in cases of petitions for the discontinuance of highways, and they were held to be chargeable only with the costs which would not have been incurred if they had not interposed in the case. Their case was held to be similar to that of " a subsequent attaching creditor, and to that of the persons who, in trustee cases, claim rights to the property attempted to be reached by the trustee process in the hands of the trustee. In such cases, it was said, on proper application, the court permit the party to appear and maintain his right, on the terms that he give reasonable security by bond to pay such costs as the court may award against him. The question has very often arisen in such cases, for what costs the person so admitted as a party shall be charged, and the practice has always been, so far as we are aware, to charge the party with the costs arising from his interference, and no others.

The case of the party who appears to prosecute a claim in the name of another, does not necessarily, nor perhaps usually, stand on the same ground with these cases. Such a party may be an assignee, or party equitably interested in a claim, necessarily prosecuted in the name of the party originally or legally entitled, and the action may have been his own from its commencement. In such case, on every principle of justice, he must be held chargeable for the en-

tire costs from the beginning. If he is a voluntary assignee of the plaintiff's rights in a controversy then pending, and chooses to proceed with the litigation, it would be difficult to assign a good reason why he should not stand in the same position. No court would readily permit him to enjoy the benefits without submitting to the burdens of the suit into which he had voluntarily thrust himself.

The same principle might properly be applied to the case of the party originally defending his own rights in the name of another, or voluntarily becoming the assignee of the rights in litigation of another person, if he should be required to give security for costs; while the rule adopted in the case of *Hampstead's Petition* might well be held to apply to the case of the party who should find his rights incidentally involved in a controversy between other parties, and should ask and receive permission of the court to prosecute the action for their protection. The case hardly furnishes the means to decide the extent of liability to which the party prosecuting this suit may ultimately be held upon the security required. It would seem, unless a different state of facts should be presented, that he would be charged as an original party in interest, or as assignee of the disputed property, with the whole costs from the first.