Bedel v. Goodall.

## BEDEL *v.* GOODALL.

On error brought to reverse a judgment for costs, the fact whether there is an error must be ascertained in the same manner as mistakes in bills of costs are ascertained when presented for allowance before judgment; and the court will inquire into every matter upon which a correct taxation must depend.

Where a writ of error is brought to reverse a judgment for costs, the court revise the whole taxation, deducting from the items that are too large or incorrectly embraced in the bill, and adding wherever they are deficient; and if, upon the whole, the sum for which judgment has been rendered is not greater than what the defendant in error would have been entitled to upon a correct taxation in the common pleas, the judgment will not be reversed.

In computing the travel of a witness, a fraction of a mile is to be reckoned as a whole mile.

Only one attorney-fee can be taxed in a bill of costs, whether the action be transferred to the superior court or not. It can be taxed in that court only where the bill of costs is finally taxed and the judgment made up.

Upon an agreed case, the fees for the copies on the transfer must be paid by the plaintiff, and taxed in his bill of costs.

The court, under the provisions of the Revised Statutes, will limit the taxation of costs for a party's attendance according to their discretion; and where the session extends beyond the usual length of an ordinary term, the attendance will generally, upon application therefor, be limited to twelve days, except at the term when the action is tried. But this is a matter of discretion, and error will not lie for a taxation for full attendance.

ERROR, brought to reverse a judgment in the common pleas, rendered upon an alleged erroneous taxation of a bill of costs. The whole bill was taxed at $44,27, and error is alleged to exist in six items of the taxation, as follows:

The first item of error is alleged to be two cents in the

costs before the auditor. It is said the costs before him should be $6,21, instead of $6,23.

In the course of the litigation the action was transferred to this court, and the second error is stated to be in the amount taxed for attendance at the July term, 1849; one dollar is taxed, and it is contended that here is an error of twenty-five cents.

The third error is alleged to consist in the taxation of two attorney-fees, one in the common pleas and one in the superior court. Two attorney-fees were taxed.

The fourth error is stated to be a taxation of $3,51, for copies furnished by the defendant in error, on the transfer of the action to this court. The action was transferred upon an agreed case.

The fifth error is alleged to be that of $4,50 in the taxation for attendance at the common pleas, October term, 1849, thirty days' attendance being taxed.

And the sixth error is ten cents for a subpœna.

*Hibbard & Bedel,* for the plaintiff in error.

I. The auditor's costs are in part composed of an item for travel and attendance of William Morrison as a witness, taxed at fifty cents, when it should have been but forty-eight cents, the same fees as before a justice of the peace, he having travelled but one mile and attended but one day. The error here is very trifling, but as we brought our writ to reverse matters of more consequence, we think it proper to allude to the whole. The principle is worth knowing.

II. The item for attendance at the July term of the superior court, 1849, taxed at $1,00, is erroneous in this: it taxes for four days' attendance, when the court did not remain in session but three days, as the records of the court show. This item should be seventy-five cents.

III. The item of $1,00 for attorney-fee in the superior court, July term, 1849, is not authorized by statute, inasmuch as one attorney-fee appears to have been taxed in

the bill of costs besides this. We contend that the statute cannot be so construed as to authorize the taxation of two attorney-fees in one case, where it is transferred from the common pleas to the superior court and returned to the common pleas, as in this case. If the practice of taxing an attorney-fee in the common pleas, and another in the superior court, in the same case, can be sustained, it can only be done on the hypothesis that there are two bills of costs, one taxed in one court and the other in another court, when in point of fact there is but one bill, and that is taxed in the common pleas, including costs of transfer to the superior court.

Had the Legislature intended to give an attorney-fee in both courts, where a case is transferred, as was done here, they might easily have avoided any doubt upon the question, by enacting that there should be an attorney-fee in every case of appearance by the defendant in either court. Can a bill of costs, taxed and settled in the court where the cause is ended, be legally said to be taxed in both courts?

IV. The item of $3,51, for copies of case, should have been taxed by the clerk to the plaintiff in error, and not to the defendant in error, and, therefore, the amount was not properly included in this bill of costs. The auditor's report, in the original action, was adverse to the plaintiff in error, and before going to the jury, it was desired by the plaintiff in error to have the law questions, raised by the report, settled by this court, and, therefore, the copies should have been taxed by the clerk to the plaintiff in error, whether successful or not.

V. The item of $7,50 should have been but $3,00, agreeably to the seventh rule of the superior court, adopted July term, 1840. That rule limited the number of days for which attendance is to be taxed, in all cases, to twelve days, except the term at which the action is tried by the jury. There is no pretence that this action ever was tried by the jury.

But it may be pretended that the rules adopted July term, 1849, repealed all former rules, by virtue of the order on the third page of those rules. We do not understand this to be so. The order only repealed all rules inconsistent with those adopted July term, 1849. We can perceive no inconsistency in the rule of 1840, before referred to, being held to remain in full force at the present time. Certain it is that there is no rule among those adopted in 1849, in the slightest degree in conflict with it. And unless the total silence of the rules of 1849, upon this point, be held to operate as a repeal, which, we apprehend, to be rather extraordinary, it must be now in force, and should have governed in the taxation of costs in this case.

VI. The twenty-fourth item in the bill of costs, being ten cents for a subpœna, appears by the record to be without foundation, and, therefore, improperly taxed.

*I. & S. H. Goodall,* for the defendant in error.

The auditor's fees are said to be too much, but we, on the contrary, contend that the taxation by him was too small. Morrison, the witness, actually travelled more than a mile. This taxation should, therefore, be increased six cents.

In regard to the second error, we admit it. The charge there was twenty-five cents too much; the court did not continue in session but three days.

Our taxation of an attorney-fee in each court was right. The Legislature intended to allow an attorney-fee in both courts, where an action is transferred, as was done here. Rev. Stat. ch. 229, § 5.

The copies of the case were correctly charged to us by the clerk, and by us taxed in our bill of costs. In an agreed case the plaintiff must proceed.

Instead of there being an error in the taxation for attendance at the October term, 1849, of which the plaintiff in error can complain, we say that we did not tax enough.

The court was in session thirty-one days, and we had a right to tax for that number. We committed an error against ourselves of twenty-five cents.

The plaintiff in error contends that the taxation should have been made under the rule of 1840. But we say that rule is in conflict with the Revised Statutes, and that the statute must govern, instead of the rule of court. Rev. Stat. ch. 229, § 7.

There were other terms of the court where we should have taxed more for attendance, and the court will look at this, as the record shows it.

The judgment speaks of the amount of the costs, not the items; and if the court shall find that we had a right to the full amount, as we think they will, that is sufficient for us.

The record shows that we were right in taxing for the subpœna. We claim for service also.

EASTMAN, J. When a writ of error is brought to reverse a judgment for an alleged mistake in a judgment for costs, the fact whether there is an error must be ascertained in the same manner as mistakes in bills of costs are ascertained when presented for allowance before judgment. And in allowing bills of costs, the court take notice of the distance and situation of the residence of parties, of the number of days the court sits each term, of the appearance or non-appearance of the defendant, and inquire into every matter upon which a correct taxation of costs must depend. *Ford* v. *Wright*, 7 N. H. Rep. 586.

The court, in fact, revise the whole taxation, deducting from the items that are too large or incorrectly embraced in the bill, and adding wherever they may be found to be deficient; and if, upon the whole, it shall appear that the sum for which judgment has been rendered is not greater than what the defendant in error would have been entitled to upon a correct taxation in the common pleas, judgment will not be reversed.

Bedel *v.* Goodall.

We will now consider the several matters alleged for error in this taxation.

The first is in the costs returned by the auditor. The objection is that two cents too much were taxed for the witness Morrison. This taxation was prior to the act of 1850, increasing the fees of witnesses, and the witness was, therefore, entitled to forty cents a day for attendance, and eight cents a mile for travel. He attended but one day, and had he travelled but one mile the objection would be good; for he was taxed at fifty cents, and the legal fees would be but forty-eight cents. But it appears that he travelled more than one mile and less than two; and the rule is, that fractions of miles shall be taxed as whole miles. There is no provision of law for parts of miles any more than parts of days. This taxation, then, was in reality six cents too small.

The error of twenty-five cents in the attendance at the July term, 1849, is conceded, and we, therefore, pass it.

The assignment of error in taxing one dollar for attorney-fee in the superior court is well founded. An attorney-fee can be taxed only in the court where the bill of costs is finally taxed and the judgment made up, which, in this case, was in the common pleas.

The taxation for the copies, on the transfer of the action, was correctly made. When a question of law is transferred to the superior court, the party who moves for a new trial, on account of any alleged error in the ruling of the court, is required, in the first instance, to advance the expense of the copies, and of the entries and continuances in the superior court, which sums are to be taxed in his bill of costs, if he shall recover. When a question is transferred by an agreement of parties, such expenses are required to be advanced by the plaintiff. Rules of Court, 51.

This transfer was by agreement of parties. It was, therefore, the duty of the plaintiff in the court below to defray

Bedel v. Goodall.

the expenses as provided by the rule, pay for the copies, and tax them in his bill of costs.

Since the adoption of the rules of court, in August, 1849, it has not been the practice to limit the amount taxed for attendance in bills of costs to the extent required by the rule of 1840. The Revised Statutes provide that the party shall be allowed twenty-five cents for each day's attendance, and it was the intention of the court that the rule of 1849 should supersede that of 1840. Still, the court may regulate the taxation of bills of costs, as they are authorized to do by statute; and the practice is, where the session is much extended beyond the usual length of an ordinary term, by holding an adjourned term or otherwise, to limit the taxation for attendance to twelve days, except at the term when the action is tried. If, at the time this bill was taxed in the common pleas, the attention of the court had been called to this item of $7,50, and the question of its allowance had been submitted to them, probably the excess over three dollars would have been stricken out. But being a question for the discretion of that court, it is not a taxation for which error will lie.

It appears by the transcript from the common pleas, that a subpœna was not only issued but served. Instead of a deduction in this item, there should be an addition of seventeen cents for the service.

The result of the matter, then, is this: There was an error of twenty-five cents in taxing the attendance at July term, 1849, and also $1 for an attorney-fee in the superior court, being $1,25. On the other hand, the taxation by the auditor was six cents too small, and nothing was taxed for the service of the subpœna. The six cents and the seventeen, making twenty-three, being deducted from $1,25, leaves for error $1,02. Deducting this from $44,27, the amount for which judgment was rendered, there remains $43,25. The judgment for costs must, therefore, be reversed, and a judgment for costs entered for $43,25.