## WEST & a. v. WHITNEY.

Where damages are assessed by the court upon a default, in an action upon a promissory note, a writ of error lies to reverse the judgment, if the damages are incorrectly computed.

WRIT OF ERROR, to reverse a judgment rendered in the court of common pleas, March term, 1852. The only error assigned was, that "judgment was rendered for the said Whitney against the said West and others, for too large a sum in debt or damages, contrary to the law of the land, being rendered for the sum of forty-nine dollars and seven cents damages, whereas judgment should have been rendered, as appears by the records and proceedings aforesaid, that the said Whitney recover debt or damages the sum of thirty-eight dollars and thirty-five cents only."

A copy of the note, filed in the court below, is certified to this court, with the copy of the record, as part of the proceedings in the court below; from which it appears that the error assigned is true in fact, from the neglect to deduct an indorsement of the payment of ten dollars upon the note.

*Burns*, for the plaintiff.

BELL, J. By our practice, damages are assessed where the judgment is rendered upon a default by the court, and ordinarily in one of three modes.

Where the damages are merely matter of computation, as in casting the interest upon a promissory note, the damages are computed by the clerk. In many cases the cast is made by the attorney of the plaintiff, for his own convenience, and submitted to and adopted by the clerk.

Where the damages are uncertain, and their assessment calls for the exercise of judicial discretion, the amount is determined by a jury, in the presence and under the direc-

West v. Whitney.

tion of the court, in the nature of an inquiry of damages, if either party makes application to the court for such a hearing. The same course is adopted where, in consequence of some difficulty in the assessment, the court, for their own information and guidance, think proper to submit the case to a jury.

In other cases, the evidence is taken in writing and laid before the court, and the damages are assessed by the judges.

In all cases where the damages are assessed by the judges, or by the clerk, the evidence upon which the assessment is made is required to be filed with the clerk, where it of course remains as part of the "record and proceedings" in the cause.

The writ of inquiry of damages and the assessment of damages by a jury, under the direction of the sheriff, is, so far as we are aware, entirely unknown in this State. No trace of any such usage, either under the provincial or State government, has ever come to our notice. Indeed, the sheriff, under our system, exercises no judicial powers whatever.

At common law, the remedy of a party, in case of any error or over-estimate of the damages, must be sought in some other mode than by a writ of error. *Whitwell* v. *Atkinson*, 6 Mass. Rep. 272; *Campbell* v. *Patterson*, 7 Vt. Rep. 86.

And the same principle must apply here, when the damages are uncertain, and require an assessment by the jury. In such cases, nothing appears upon the record or proceedings from which a court of error can judge, whether the assessment is or is not correct. But the case of an erroneous assessment of damages, where the amount of the damages is merely a matter of computation, may stand on ground essentially different, the error being one which must be apparent upon a new revision of the computation, and the same evidence being of course certified to the court

above, with the residue of the proceedings, upon which the court below acted in rendering the judgment.

The principles established in the case of *Ford* v. *Wright,* 7 N. H. Rep. 586, we think, apply to and may well govern this case. It was there held that errors in the taxation of costs must be ascertained upon a writ of error, in the same way in which the true amount ought at first to have been determined before the judgment was rendered; and that the court, upon a writ of error, will inquire into every fact which is material to enable them to see that the proper judgment was rendered, where, as we understand it, the same inquiry was proper to be made by the court in the original action.

In this case, by a change of the practice, of which we are unable to trace the origin, the inquiry, what was the amount due upon a promissory note for principal and interest upon a default, was one properly to be made by the court, through their clerk, originally; and it was, of course, that the note in suit should be examined, to ascertain whether any indorsements of payment had been made upon it.

It seems to us reasonable that the practice, in relation to writs of error, should be conformed to the changes in the original proceedings. And we are of the opinion that upon a writ of error, the court will inquire into the same facts presented to the court below, and if it appears that the judgment is rendered for a greater amount than is due, the judgment will be reversed, and a new judgment rendered for the true amount.

Upon such a reversal, the defendant in error is of course chargeable for costs; but it is not necessary for him to suffer the writ of error to proceed adversely to judgment, since he may confess the action, submit to a judgment of reversal, and move for the right judgment, and thus end the proceedings, or put the costs of further proceedings upon the plaintiff in error. Rev. Stat. ch. 187, § 2; or he may, per-

haps, cure the error by entering a remittiter of the over-plus.

*Judgment reversed with costs.*
*A new judgment entered.*