AVERILL *v.* MATHES.                { Aug. 12, 1875.

*Service of writ upon principal defendant when no service is made on trustee.*

It is no ground for reversing a judgment on a writ of error, that the suit was commenced by trustee process, and that the writ was served upon the defendant by copy, no service having been made on the trustee.

*G. C. Bartlett,* for the plaintiff in error.

*F. Hobbs,* for the defendant.

LADD, J.   This is a writ of error to reverse a judgment of the supreme judicial court, rendered at the April term, 1873, upon a default in an action of debt on a judgment by John W. Mathes, the defendant in error, against Samuel Averill, the plaintiff in error.   The action was commenced by a trustee writ in the usual form, whereby the officer was directed to attach the money, &c., of the defendant in the hands of John R. Wilton, and summon said Wilton, &c.   The officer's return shows an attachment of personal property of the defendant, and concludes,—"I have summoned the within named Samuel Averill by giving him an attested copy of this writ;" and it does not appear that any service was made upon the trustee.

The matters assigned for error are, that said writ of *John W. Mathes v. Samuel Averill,* upon which said judgment was rendered, was never served upon the said Samuel Averill in the manner provided by law, and he had no notice of said suit, in this, that no summons in the form prescribed by law, with the name of the officer and his office indorsed thereon, was given to said Averill, or left at his usual place of abode, nor was there any trustee summoned in said original action ; and, also, for that judgment was rendered in said action for the sum of twenty-one dollars and sixty-five cents, costs of suit, whereas it should have been rendered only for the sum of six dollars and fifty-five cents, costs of suit.

It is clearly no cause of error to the defendant that no service was made upon the trustee. *Whiting* v. *Cochran*, 9 Mass. 532. The return shows that the writ was served upon the principal defendant, according to the requirement of the statute. Gen. Stats., ch. 230, sec. 3.

The charges of the officer for money expended in moving and keeping the property attached until it was taken from his possession on a writ of replevin, which are relied on in support of the second matter assigned for error, appear to be entirely reasonable and just, and were verified by an affidavit accompanying the return, stating the particulars as required by the sixty-first rule of court. I think the judgment should be affirmed.

CUSHING, C. J. The mere fact that the writ was not served upon the trustee does not make it any the less a trustee process, or in any way alter the mode of serving such a writ as required by the statute. I can, therefore, see no error in this particular.

I have seen no case in which the superior court or the supreme judicial court, at law term, has undertaken to revise the exercise of the *discretion* of the court below, in a case within its discretionary power, in determining the matter of costs. The charges of the officer for matters not expressly limited by law, having been verified by affidavit according to the rule, I think the taxation will not be revised here.

In *Bedel* v. *Goodall*, 26 N. H. 92, EASTMAN, J., speaking of a similar matter, says,—"But being a question for the discretion of that court, it is not a taxation for which error will lie."

SMITH, J. The position of the plaintiff in error, as I understand it, is, that although the writ used in the original action was a trustee blank, yet, because no service was made upon the person whose name was inserted as trustee, the writ as to the principal defendant must be regarded as an attachment and summons, and therefore that service should have been made by a summons and not by a copy, agreeably to Gen. Stats., ch. 204, sec. 3. But this cannot be so. The officer is commanded by the precept to attach the goods or estate of the principal ; also, to attach his money, &c., in the hands of the trustee. The officer may obey both commands, or either, according as he is directed by the plaintiff. If sufficient property is attached in either mode, it would be unnecessary, if nothing worse, to require him to attach other property in the other mode, at additional expense. The trustee may at any time be discharged by the plaintiff—Gen. Stats., ch. 230, sec. 18 ; but it is clear such discharge cannot affect the mode of service upon the principal. The suit as to the principal and trustee is in fact "two distinct suits "—*Wallace* v. *Blanchard*, 3 N. H. 399. There is no provision of the statute that requires the writ to be served upon the trustee, if the plaintiff sees fit to abandon the process to that extent. It would be a useless as well as expensive ceremony to require him to serve the writ upon the trustee in order afterwards to discharge him, when the same result is reached by omitting to summon him, if the plaintiff, upon

inquiry or otherwise, shall ascertain that it would be useless to do so, or should determine to rely upon property attached in the other mode. The language of the statute admits of no doubt that the process must be served upon the principal defendant by reading or by a copy, and not by a summons.    *Bell* v. *Somerby*, 8 N. H. 64.

No error in the taxation of the costs has been pointed out, unless it is the extra charges of the officer for attaching property ; and, as they are supported by the affidavit required by the rules, there is no error in this respect.

*Judgment affirmed.*