PRESTON *v.* CUTTER, *Ex'r·*

Upon a bill in equity against an executor to set aside conveyances made by the testator in fraud of his creditors, the plaintiff, prevailing, has execution for costs against the goods or estate of the deceased.

BINGHAM, J. The plaintiff is administrator *de bonis non*, with the will annexed, of Franklin Munroe, and a creditor of the estate. The defendant is executor of the last will and testament of Mary R. Munroe, the widow of Franklin.  The proceeding is in equity, to annul conveyances and transfers of property made and caused to be made by Franklin, fraudulent as against his creditors.   The possession of the property passed to Mary at or about the time it was conveyed, and at the death of Mary it came to the defendant as the executor of her will.   It appears in the record that the cause of action stated in the bill, answered by the defendant, heard and reported by the referee, and decided by the court, 64 N. H. 461, existed against the deceased, Mary R. Munroe.   The decree was for the plaintiff, and he moved that execution issue for costs against the defendant *de bonis propriis*, which the court

denied, and ordered execution against the goods and estate of the deceased, Mary R. Munroe.

It is alleged among other things in the bill, and admitted in the answer, that a demand was made on the defendant for the property, and the plaintiff claims that this was sufficient to enable him to maintain the bill under G. L., c. 209, s. 2, and to have an execution for costs against the property of the defendant. This is not so in a bill in chancery, when it appears from the entire record in the clerk's office that the cause of action heard and decided existed against the deceased. It is provided by statute that suits of attachment and executions against administrators, where the cause of action existed against the deceased, shall run only against the goods or estate of the deceased, and the administrator shall not be arrested, or his goods or estate levied upon, in such action. G. L., c. 198, s. 12; *Pillsbury* v. *Hubbard*, 10 N. H. 224; *Keniston* v. *Little*, 30 N. H. 324; *Moulton v. Wendell*, 37 N. H. 406; *Folsom* v. *Blaisdell*, 38 N. H. 100.

In equity it is held that where a plaintiff has slept upon his rights for a great number of years, and has allowed the defendant to suppose he would not enforce them, he will frequently, though successful, be deprived of costs. *The Dublin Case*, 41 N. H. 91, 95. Nothing appears in this case indicating that it is contrary to the ordinary principles of justice that the plaintiff's costs should be paid out of the property of the estate, or that the judgment and execution should not be in the usual form. *Clement* v. *Wheeler*, 25 N. H. 361, 368.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.