Hillsborough,
Dec. 4, 1934.

ANASTASIA LENGAS *v.* SAMUEL RESNICK & *a.*

VASILIO LENGAS *v.* SAME.

*Hurley & Connor* (*Mr. Connor* orally), for the plaintiff.

*O'Connor & Saidel* (*Mr. Saidel* orally), for the defendants.

MARBLE, J. It is the general rule that the owner of a tenement building is under no obligation to light the stairways retained in his control for the common use of his tenants unless he has expressly or impliedly agreed to do so or unless that duty is imposed by statute. *Hawes* v. *Chase*, 84 N. H. 170, and cases cited.

There is no statute in New Hampshire which requires such service and nothing in the present case to indicate that the defendants agreed to render it. Indeed, the evidence is quite to the contrary. The case is not unlike that of *Huggett* v. *Miers*, [1908] 2 K. B. 278, where it is said (*p.* 284) that the facts "distinctly negative any implication that the landlord had undertaken to light the staircase, because each tenant lighted his own landing" and that it is impossible "to infer in favor of a person using the staircase by invitation of a tenant any understanding on the part of the landlord to do what the tenants . . . undertook to do for themselves."

The contention that the defendants "allowed to exist a defective condition which resulted in a dangerous trap" is not borne out by the record. Conceding that where special dangers may be encountered because of defective or unusual construction, a landlord may

be required not only to install proper lights but to keep them lighted, we find here no evidence of any defect or pitfall connected with the steps or rails or landings, and the photographs which were introduced as exhibits plainly show typical tenement-house construction.

*Judgments for the defendants.*

All concurred.