Hillsborough, ⟩
April 2, 1935. ⟨

VICTORIA ST. CYR, *Adm'x v.* JAMES E. WILLS.

JENNIE LAVOIE *v.* JAMES E. WILLS & a.

HORACE LAVOIE *v.* SAME.

*O'Connor & Saidel* and *Sullivan & Sullivan* (*Mr. Saidel* orally), for the plaintiffs.

*Hughes & Burns* (*Mr. Burns* orally), for the defendant.

MARBLE, J. "In all actions or petitions in the superior court costs may, on motion and good cause shown, be limited, allowed and such security therefor be ordered, as the court may deem just." P. L., c. 341, s. 3.

The defendant contends that the trial court, by virtue of this statute, had discretion to order the plaintiffs to furnish security for costs notwithstanding the fact that they were necessitous persons. Webster defines "necessitous" as "indigent" or "pressed by poverty."

The indorsement of the writ by a resident plaintiff is sufficient for the proper institution of an action without reference to the plaintiff's financial responsibility. "A different rule would operate as a denial of justice to every one who had the misfortune to be poor." *Leazar* v. *Cota*, 43 N. H. 81, 82. "The legislature had other objects in view, in the passage of the statute under consideration, than a change of the law in this respect. Such change could not have been contemplated. And a statute making mere insolvency a cause for ordering security, would in effect be an entire change of the law." *Senter* v. *Carr*, 15 N. H. 375, 380.

Hence it is the rule that an indigent or insolvent plaintiff, if he is a resident of the state, cannot, in the absence of exceptional circumstances, be compelled to furnish such security. *Hodgdon* v. *Merrill*, 26 N. H. 16; *Leazar* v. *Cota*, 43 N. H. 81. The exceptions to this rule are obviously designed to prevent abuse, and are well-recognized. None are applicable to the present controversy.

The plaintiffs have not removed from the state, they are not interveners, and they are not in default. They are suing for themselves and not as nominal plaintiffs for the benefit of others. See *Gookin* v. *Upham*, 22 N. H. 38. They are not pursuing their claims "under circumstances wearing an aspect of oppression or vexation." *Gale* v. *French*, 16 N. H. 95, 96. There is no legal presumption that their claims are unfounded merely because three juries have failed to reach an agreement or because the court has ordered a change of venue. Motions for directed verdicts in the defendant's favor have been twice denied.

The fact that additional expense has been incurred as a result of the various trials is the only circumstance which the defendant alleges as entitling him to the exercise of the court's discretion. A disagreement is merely one of the contingencies of a jury trial, and there is here no claim that the disagreements in question were in any respect due to the plaintiffs' fault. Since the plaintiffs are necessitous persons, the presiding justice correctly ruled that he had no discretion to make the requested order.

*Exception overruled.*

PAGE, J., did not sit: the others concurred.