Carroll,
Jan. 3, 1950. } No. 3889.

ALMEDA G. HATCH, *Adm'x v.* IDA W. RIDEOUT.

*Harvey, Laddey & Kalled,* for the plaintiff.

*Eliot U. Wyman,* for the defendant.

JOHNSTON, C. J. By virtue of sections 1 and 3 of chapter 397 of the Revised Laws, the awarding of costs is discretionary with the Superior Court. *Mudgett* v. *Melvin,* 66 N. H. 402, and cases cited.

The term "costs" includes those taxed for proceedings in the. Supreme Court as well as in the Superior Court in the same case. When the two courts were established in 1901, their jurisdiction was determined as follows: "The Supreme Court hereby established shall have jurisdiction of all matters and things of which the present court at law terms thereof has jurisdiction; and the superior court shall have original jurisdiction of all actions, appeals, processes, and matters and things, which may be entered in, or are cognizable by, the present court at the. trial terms thereof, and the justices of the superior court in vacation shall have all the powers possessed by the justices of the present court in vacation." Laws 1901, *c.* 78, *s.* 2. From *Mudgett* v. *Melvin,* supra, and *Nutter* v. *Varney,* 64 N. H. 334, it is clear that the discretion of the former Supreme Court relative to all costs was exercised at the trial terms.

The allowance to the plaintiff of her costs in this court and the denial to the defendant of her costs in the same court did not constitute an abuse of discretion so far as the record discloses. The fact that in accordance with the opinion rendered on the former transfer the plaintiff could not recover all that she claimed does not make arbitrary the rulings of the Superior Court on the two motions.

The plaintiff and she only is entitled to Supreme Court costs on the original transfer since the Trial Court so ruled.

*Case discharged.*

All concurred.