Manchester District Court,
No. 5648.

### John Medico

*v.*

### Albert F. Almasy.

Submitted September 8, 1967.
Decided October 31, 1967.

*Harkaway, Barry & Gall* for the plaintiff.

*Albert F. Almasy, pro se,* filed no brief.

Per curiam. RSA 525:1 provides that "Costs shall follow the event of every action or petition, unless otherwise directed by law or by the court." This section, together with RSA 525:3 gives the Superior Court discretion with respect to the allowance of costs. *Averill* v. *Mathes,* 55 N. H. 617; *Hatch* v. *Rideout,* 96 N. H. 122. RSA 502-A:30 provides with respect to civil actions in district courts that "Travel and attendance of parties and other costs and fees shall be allowed as in the superior court . . . ." This section by implication gives the district courts the

same discretion as the Superior Court has with respect to costs.

This discretion, however, is not unlimited. In *Clement* v. *Wheeler,* 25 N. H. 361, 368, it was said that the general rule is "that the prevailing party is *prima facie* entitled to costs . . . . The failing party must show the court that it would be contrary to the ordinary principles of justice that he should pay the costs of the proceeding." See also, *Preston* v. *Cutter,* 65 N. H. 85; *Lyford* v. *Bryant,* 38 N. H. 88; *Belknap* v. *Railroad,* 48 N. H. 388.

In the case before us the acting justice made an order of "No costs." "The question of justice presented by [plaintiff's] motion for costs, was a question of fact determinable [by the district court]. The decision of that question required a consideration of evidence that is not stated in the case." *Mudgett* v. *Melvin,* 66 N. H. 402, 403. We are unable to say, therefore, that the court below abused its discretion.

*Exception overruled.*