110 N.H. 66 (1969)
EVELYN B. VEZINA by her conservator, ERNEST O. DUGAY
v.
AMOSKEAG REALTY COMPANY.
No. 5888.
Supreme Court of New Hampshire.
December 30, 1969.
King, Nixon, Christy & Tessier (Mr. David L. Nixon orally), for the plaintiff.
Sulloway, Hollis, Godfrey & Soden and Martin L. Gross (Mr. Gross orally), for the defendant.
GRIFFITH, J.
This is an appeal from a verdict for the plaintiff in an action to recover damages for personal injuries. Plaintiff was a tenant of the defendant and fell in a bathroom maintained by the defendant for the common use of tenants. Defendant's exceptions to the denial of its motions for nonsuit, directed verdict, *67 judgment non obstante veredicto, withdrawal of certain issues, and to the instructions of the Trial Court were reserved and transferred by Grant, J.
On August 25, 1966 Evelyn B. Vezina was a tenant of the defendant Amoskeag Realty Co. on the second floor of a building owned by the defendant at 1152 Elm Street, in Manchester. There were some 15 tenants on this floor largely people in their 60's or 70's. Except for one apartment with a private bath all tenants on the floor relied upon a community men's bathroom and community women's bathroom. Mrs. Vezina was 73 years old at the time of the accident and a series of falls in the fifties had left her with a permanently stiff hip so that she walked with difficulty. She had been a tenant of the defendant for about four years and the general manager of the defendant's properties, Mr. Miller, testified that she was one of many tenants who were disabled.
Mrs. Vezina fell in the bathroom and alleged that her fall was caused by certain conditions existing in the bathroom brought about by the lack of due care of the landlord. These were as follows: (1) use of an enamel paint which became slippery when wet; (2) unevenness of the floor where it sloped from the door to the drain; (3) inadequate illumination; (4) absence of a mat on the floor; (5) absence of a handrail on the left-hand wall; (6) presence of water on the floor at the time of the accident.
Defendant excepted to the denial of its motion for a nonsuit and directed verdict, to denial of motions to withdraw certain issues and to the submission by the Court in its charge of those issues. Plaintiff excepted to the refusal of the Court to allow as costs the actual expert witness fees charged by plaintiff's experts.
Defendant claims that there was insufficient evidence for a jury to determine that any or all of the deficiencies claimed by the plaintiff existed or were causal to the accident. It is axiomatic that in considering these claims the "evidence and all reasonable inferences therefrom must be construed most favorably to the plaintiff." Dubreuil v. Dubreuil, 107 N. H. 519, 520, 229 A. 2d 338; Plume v. Couillard, 104 N. H. 267, 268, 184 A. 2d 452. While the nonsuit motion was properly denied if there was any evidence permitting the submission of the case to the jury on any of plaintiff's claims the defendant's motions to limit issues require individual examination.
The plaintiff presented evidence from an architect that the paint *68 that was used on the bathroom floor was hazardous when wet, that the uneven surface of the floor, the lack of a mat, the lack of a handrail and inadequate lighting all rendered the bathroom unsafe and not in accordance with reasonable safety standards. There was testimony that the toilet leaked and from the testimony of the plaintiff and others it could be found that there was water on the floor at the time the plaintiff fell. One witness confirmed that the paint was hazardous when wet and to the unevenness of the floor. We are satisfied the evidence would permit findings that the defendant was negligent in the construction and maintenance of the bathroom on each of the deficiencies alleged. Jacobson v. Yoken's, Inc., 104 N. H. 331, 186 A. 2d 148.
The major thrust of the defendant's argument is directed at causation. It argues that the plaintiff was unable to describe the cause of her fall and that in this situation a jury should not be permitted to speculate among a number of claimed deficiencies as to what caused her fall. Plaintiff testified that she "fell in a bunch" and the cause was not stated. Lack of direct evidence of the cause of a fall is not fatal to the plaintiff's case if by reasonable inference a jury could find it was caused by the defendant's negligence. Mutterperl v. Lake Spofford Hotel, 106 N. H. 538, 541, 216 A. 2d 35.
The plaintiff in this case was an elderly lady with physical defects known to the defendant. She held on to walls as she walked and a handrail had been installed at her request by the toilet at the rear of the bathroom. It was fairly inferable from the evidence that she would not have fallen had the floor been dry, or the paint less slippery when wet, or there had been a mat on the floor or there had been a handrail she could have used or had the floor been level. Manning v. Freeman, 105 N. H. 272, 198 A. 2d 14; Dow v. Larrabee, 107 N. H. 70, 217 A. 2d 506; Mutterperl v. Lake Spofford Hotel, supra.
The Trial Court limited the issue of insufficient light in the bathroom as a ground of recovery. The charge informed the jury that unless they should find the condition of the bathroom presented special dangers or unusual conditions there was no duty imposed on the landlord to furnish better lighting. This was proper in accordance with the rule laid down in Lengas v. Resnick, 87 N. H. 161, 175 A. 824 and Tremblay v. Donnelly, 103 N. H. 498, 175 A. 2d 391. The defendant's exceptions are overruled.
*69 Plaintiff excepted to the reduction by the Trial Court of the amount claimed in costs for the charges of two experts who testified for the plaintiff. The Court by order allowed as costs $125 of a $250 bill of plaintiff's doctor and $100 of a $225 bill of plaintiff's architect.
RSA 525:14-a (supp) was added by Laws of 1967, 404:3 and provided among other taxable costs: "For expert witness fees, no costs shall be allowed except on motion and order of the court." Plaintiff agrees that the language here implies the allowance is a matter of discretion by the Trial Court but argues that the Trial Court should be concerned only with whether the charges were reasonably incurred and not with the reasonableness of the charge.
We cannot accept this restriction on the discretion of the Trial Court. The allowance of costs in the Superior Court has always been a matter within the discretion of that Court. Medico v. Almasy, 108 N. H. 324, 234 A. 2d 527; McLaughlin v. Union-Leader, 100 N. H. 367, 372, 127 A. 2d 269; Abbey, Taxation of Costs in New Hampshire, 5 N. H. B. J. 114, 125. The limitation suggested by plaintiff would prevent reduction by the Trial Court of exorbitant charges and costs that were exorbitant in relation to the case. RSA 525:1 and 3 have been held to give wide discretion to the Trial Court on all costs including those that are purely statutory. Hatch v. Rideout, 96 N. H. 122, 70 A. 2d 485.
It appears that the purpose of the 1967 amendment was to permit the successful litigant to recover as costs the reasonable charges made by expert witnesses in lieu of the former nominal fees allowed. In the present case the Trial Court reduced the expert fees and in the absence of a record we cannot find this an abuse of discretion.
Exceptions of both parties overruled.
LAMPRON, J., did not sit; the others concurred.