Rockingham,
No. 6163.

Roy LaPlante

*v.*

Iafolla Construction Co., Inc. *& a.*

April 5, 1971

*Flynn, Powell & McGuirk* and *Raymond P. Blanchard* ( *Mr. Blanchard* orally ), for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *L. Jonathan Ross* ( *Mr. Ross* orally ), for the defendants.

Per Curiam. The questions of law presented by the plaintiff's exception to an order of the superior court requiring him to furnish a bond in the sum of $1,000 " to secure costs pending appeal " ( *see* RSA 525:3 ), were reserved and transferred by the Presiding Justice ( *Grant,* J. ).

The plaintiff seeks to recover for personal injuries suffered in an accident which occurred on February 19, 1964, by actions of case against his employer the defendant construction company, and against the individual defendant Kenneth Earl Pickering, Sr., operator of the company's snowplow in which plaintiff was riding when the injuries were suffered. Trial by jury with a view resulted in verdicts for the defendants.

No stenographic record was made of the hearing upon the motion, and no findings or rulings were requested or made. The record before us consists only of the reserved case, the motion, the order, and the plaintiff's exception. While it appears not to be disputed that trial of the tort actions consumed approximately seven days, and that plaintiff has advanced $900 against the estimated cost of transfer of the cases to this court, counsel do not agree as to the amount of the taxable costs at stake. The plaintiff states that a schedule of costs filed with the

motion showed a " properly chargeable cost of $245.20, " while the defendant asserts that no issue with respect to the amount of the bond was presented at the hearing upon the motion.

Although the plaintiff resides in this jurisdiction and the adverse verdicts upon his tort claims of themselves raise no presumption that the claims are unfounded ( *St. Cyr* v. *Wills*, 87 N.H. 277, 278, 178 A. 257, 257-58 ( 1935 ) ), other circumstances disclosed at the hearing or on trial of the actions must be assumed to have justified the order made. *Hodgdon* v. *Merrill*, 26 N.H. 16, 17 ( 1852 ). *See also Gale* v. *French*, 16 N. H. 95 ( 1844 ); Abbey, Taxation of Costs, 5 N.H.B.J. 114, 126 ( 1963 ).

Absent indications to the contrary, the presumption is that the order of the trial court was entered in the exercise of discretion, and that discretion was not abused. *Vallee* v. *Company*, 89 N.H. 285, 289, 197 A. 697, 699 ( 1938 ). The burden is upon the plaintiff as moving party to establish his contentions. *Timmins* v. *Brennan*, 103 N.H. 459, 174 A.2d 419 ( 1961 ). Since the issue cannot be decided in a vacuum, the order of the trial court must be sustained. *Medico* v. *Almasy*, 108 N.H. 324, 234 A.2d 527 ( 1967 ).

*Plaintiff's exception overruled.*