Rockingham
No. 7556

EDWARD BAUER

v.

DONALD WHITEHOUSE

December 30, 1976

*James P. Nadeau* and *Gary Howard Reiner (Mr. Reiner* orally) for the plaintiff.

*Griffin, Harrington, Brigham & Ritzo (Mr. James E. Ritzo* orally) for the defendant.

## MEMORANDUM OPINION

After an eight-day trial of this alienation of affection suit, the jury was deadlocked five to one for the defendant and a mistrial was declared. Defendant's motion for a bond as security for costs in the amount of ten percent of the ad damnum of one hundred thousand dollars was granted, and plaintiff's exception was transferred by *Cann, J.*

RSA 525:3 authorizes the superior court for good cause shown to order security for costs. We cannot say that the justice who observed the parties and heard the evidence during the eight-day trial could not have found good cause to require security from the plaintiff before proceeding with a second trial.

In our opinion, the security authorized is only for taxable costs authorized under the statute or otherwise recoverable. *See Utica Mutual Ins. Co. v. Plante,* 106 N.H. 525, 214 A.2d 742 (1965); *Guay v. Association,* 87 N.H. 216, 177 A. 409 (1935). Although the trial court has wide discretion *(La Plante v. Iafolla Constr. Co.,* 111 N.H. 120, 276 A.2d 11 (1971); *Hatch v. Rideout,* 96 N.H. 122, 70 A.2d 485 (1950)) the bond required must bear some reasonable relationship to the probable amount of the costs which may ultimately be recoverable. The bond required in this case appears to exceed recoverable costs. The order as to the amount of the bond is therefore vacated and the matter is remanded for a re-determination of the amount of the bond.

*Exception sustained in part and overruled in part; remanded.*