Sullivan,
May 5, 1908.

## WILMARTH *v.* KING.

The statute authorizing a justice of the peace to impose a sentence of six months' imprisonment as punishment for crime is not in conflict with the constitution.

HABEAS CORPUS. The petitioner, having been duly convicted before a justice of the peace for the county of the offence of drunkenness in a public place, was sentenced by the justice to confinement in the county jail for the term of four months. The ground of his application for discharge was the claim that the sentence of confinement for four months was in excess of the jurisdiction which could be conferred upon a justice of the peace under the constitution. Upon examination before *Wallace*, C. J., in the superior court, the jurisdictional question was transferred to the supreme court for determination, the petitioner being admitted to bail pending the decision.

*George R. Brown*, for the plaintiff.

*Frank O. Chellis*, solicitor, for the defendant.

PARSONS, C. J. The extreme term for which imprisonment is authorized as punishment for the offence of which the petitioner was found guilty is six months. P. S., *c.* 264, *ss.* 14, 20; Laws 1903, *c.* 32. Section 3, chapter 248, of the Public Statutes, authorizes every justice of the peace to "hear and determine any prosecution or action of a criminal nature arising within his county, or triable therein, where the punishment is . . . by imprisonment not exceeding six months." The limitation, by constitutional provisions securing to the individual an untrammeled right of trial by jury when accused of crime, upon the judicial

power in criminal cases which may be conferred upon justices of
the peace and police courts has been the subject of recent and
extensive investigation. *State* v. *Gerry*, 68 N. H. 495; *State* v.
*Jackson*, 69 N. H. 511. The conclusion was that the right of
trial by jury, as it existed at the adoption of the constitution in
1784, could not be infringed by subsequent legislation, and that
any provisions which subject an individual to greater punishment
for crime without the verdict of a jury than it was then under-
stood could be so inflicted are beyond the power of the legis-
lature to enact and are void.

"In and prior to 1784, a justice of the peace had authority to
try and determine . . . those criminal offences only that were
punishable by a fine not exceeding forty shillings, by whipping, or
by setting in the stocks." *State* v. *Gerry*, 68 N. H. 495, 510.
In *State* v. *Jackson*, 69 N. H. 511, it was held that, as justices of
the peace had not in 1784 authority to impose a fine of twenty
dollars, such authority could not be conferred upon them by the
legislature. While it may be plain that twenty dollars meas-
urably exceeds forty shillings, the attempt to compare the physical
punishment then and now inflictible by justices of the peace
presents something more than a problem in arithmetic. "It is
impossible to determine what term of imprisonment would be an
exact equivalent for the pain and disgrace occasioned by twenty
stripes laid upon the bare back, or by two or three hours' confine-
ment in stocks located near the meeting-house, or in some other
public place. The generation which formed the constitution, and
the immediate successor of that generation, had the best means of
judging what pecuniary and physical punishments would be equiv-
alents for those which in 1784 limited the jurisdiction of justices,
and which soon afterward became obsolete by reason of the change
in the notation of money and the change in public opinion render-
ing corporal punishments odious. Besides knowing all the facts
bearing upon the question, they were imbued with the spirit of
the law of the times. On a question of this kind one may confi-
dently rely upon the correctness of their decision." *State* v. *Jack-
son*, 69 N. H. 511, 521.

Prior to the statute of 1867 (G. S., *c.* 234, *s.* 4), giving juris-
diction to justices of the peace in all cases where the fine did not
exceed twenty dollars and the term of imprisonment did not
exceed six months, no act is found authorizing a fine of that
amount; but statutes authorizing the punishment of six months'
imprisonment by a justice of the peace are to be found, even ante-
dating the constitution. Laws, *ed.* 1780, *pp.* 63, 64, 65; Laws
1828, *c.* 45, *ss.* 3, 4; R. S., *c.* 116, *ss.* 2, 3; *State* v. *Jackson*, 69

N. H. 511, 517, 520. So that while as to the maximum fine, by which the jurisdiction of justices was attempted to be limited in 1867, there is no evidence from " the practical construction given to the constitution by the men who framed it, and their contemporaries, and their successors inheriting their opinions " (*Hale* v. *Everett*, 53 N. H. 9, 171) that twenty dollars was no more by reason of change in the value of money than the forty shillings fine permitted prior to 1784, and while the contrary may be clear as a mathematical proposition and hence the pecuniary innovation of 1867 be clearly beyond legislative power, these or similar objections cannot be raised to the provision as to imprisonment now attacked.

By the Revised Statutes, justices of the peace were authorized to hear and determine prosecutions and actions of a criminal nature where the punishment was by fine not exceeding ten dollars. R. S., *c.* 222, *s.* 1. Until 1867, there was no general statute measuring their jurisdiction by the term of imprisonment inflictible as punishment; but they were authorized to inflict such punishment in certain cases, included in which were cases in which the imprisonment might extend to six months. And as it is impossible to say as matter of law that imprisonment for six months is more than an equivalent for the barbarous punishment of public whipping and setting in stocks, the grounds upon which the statute was held unconstitutional as to the infliction of the prescribed pecuniary penalty fail upon the question now presented. The presumption is that the legislature intended to obey the constitution and to authorize the infliction of a punishment no greater than was permitted when the constitution was adopted. This involves a legislative finding that the corporal punishment of deprivation of personal liberty for six months does not exceed the like punishment of whipping or setting in stocks directly inflicted upon the person. As this conclusion cannot be shown to be erroneous as matter of law, the statute cannot be successfully assailed on constitutional grounds. The sentence of the plaintiff by a justice of the peace to four months' imprisonment was authorized by the statute. The statute was one which the legislature had power to pass.

*Case discharged.*

All concurred.