Charles T. Major, J.
This claim was filed to recover alleged damages for falsely arresting and abusing claimant’s intestate. Robert A. Jones died since filing this claim and his death is unrelated thereto. Upon motion made at the trial, Jean Jones, his widow, and duly appointed administratrix was substituted as claimant.
On October 1, 1955, at about 1:20 a.m., Jones was driving his automobile on New York State Route No. 49 from Utica to Rome, where he resided. Enro.ute he passed a red traffic light and was stopped by a State trooper. The trooper asked to see Jones’ car registration and operator’s license, which the trooper took to his car and then returned to Jones. The trooper *141 gave Jones a ticket for driving with an expired operator’s license. In compliance with the ticket, Jones accompanied by his attorney appeared at the office of Leo W. Link, Justice of the Peace in the town of Marcy, Oneida County, about 5:30 p.m. on the same day. On information presented and sworn to by the trooper, Jones was charged with driving his car with an expired license. (Vehicle and Traffic Law, § 20, subd. 4, par. a.) After arraignment and a plea of not guilty, he produced a license which did not expire until September 30, 1956, whereupon the charge was dismissed.
It is apparent that the trooper was performing his duty and had probable cause to stop Jones after the latter passed a red traffic light, and had authority to demand and inspect Jones’ license under section 11 (subd. 4) and section 20 (subd. 1, par. f) of the Vehicle and Traffic Law. While the license was not offered in evidence, it may very well be that the expiration date was not distinct in the dark and under the existing light. The general circumstances convince this court that the error was a human one, in good faith, with probable cause and without malice. September 30 being the date on which many operator licenses expire, the trooper would naturally be on the alert for drivers who failed to renew their licenses. The operation of a motor vehicle by a person whose operator’s license has expired ivithin a period of 30 days after its expiration is an infraction only, and is punishable by a fine not to exceed $3, (Vehicle and Traffic Law, § 70, subd. 1.) Passing a red light is also only an infraction. The appearance on the charge of failure to renew operator’s license, of which Jones was not guilty, caused Jones no greater inconvenience than he would have had if the ticket read ‘ ‘ Passing red light ’ ’, of which, according to his passenger, he was guilty.
The issuance of a “ traffic ticket ” (Vehicle and Traffic Law, § 74) is not an arrest; rather it is a notice to appear in a given court on a given day, at which time and place a specific charge will be made. (People v. Scott, 3 N Y 2d 148.)
The claimant’s intestate voluntarily appeared and was not detained. There is no evidence that he suffered shame, degradation, humiliation, mental anguish, loss of reputation and/or liberty as alleged in the claim herein.
Claimant having failed to make out a cause of action against the State of New York, the claim herein is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, §440.)
Judgment is directed accordingly.