Manchester District Court,
No. 5704.

STATE

*v.*

FRANK TEAS.

Argued February 7, 1968.
Decided February 29, 1968.

*George S. Pappagianis,* Attorney General, *G. Wells Anderson,* Assistant Attorney General ( *Mr. Anderson* orally ), for the State.

*Bois, Laflamme and Kalinski* ( *Mr. Alexander J. Kalinski* orally ), for the defendant.

PER CURIAM. This is a complaint under RSA 570:14 which reads as follows:

"No person shall be drunk in a street or other public place, nor in a private building or place, disturbing his family, or to the disturbance of the peace."

According to the State's evidence, two Manchester police officers while patrolling on Elm Street, Manchester's main street, in a police "wagon" at about 11:30 P.M. on November 17, 1966, noticed an automobile with its lights on and motor running parked in front of a diner. As one officer approached the car on foot, he saw the defendant sitting in the driver's seat slumped over. He shouted, but receiving no response, opened the door, awakened the defendant, smelled alcohol and had him step out of the car. The defendant, according to the police officer, was unsteady on his feet, his face was flushed, and his speech slurred. He arrested him for drunkenness under the statute. The questions of law raised by

the denial of defendant's motion to dismiss at the close of the State's case were transferred by *Chretien*, J. under authority of RSA 502-A:17-a (supp).

There is no question but that Elm Street is a place to which the statute is applicable. *State* v. *Stevens*, 36 N. H. 59, 63. See *State* v. *McConnell*, 70 N. H. 294. The issue is whether the defendant was in "a street or other public place" when he was in the automobile which was in the public street. He cannot be convicted for his presence in the street outside the car after he had been ordered there by the officer and no such contention is made.

As was said in *State* v. *Desmarais*, 81 N. H. 199, 201 the statute punishes "public drunkenness." We hold that, in being drunk in his automobile parked in the public street where he was open to the public view of pedestrians passing by, the defendant was in violation of the statute. See Annot. 8 A. L. R. 3d 930.

The officer or his superior could have released the defendant after seeing to his safety and that of the public, without further proceedings, in the exercise of their discretion under RSA 594:18-a (supp) and defendant orally argued that since this would give adequate protection to both the defendant and the public we should not extend the application of RSA 570:14 to the facts of this case. The fact that the police had an alternative can have no effect upon the sufficiency of the evidence to support the charge made.

*Remanded.*