Chief Judge Fuld.
The defendant was convicted of speeding by a Justice of the Peace. On appeal, a County Court reversed *290 the judgment and dismissed the information on the ground that a statement made to a police officer by the defendant was improperly received in evidence because the officer had failed to give him the warning required by Miranda v. Arizona (384 U. S. 436).
The facts are quickly told. During a snowstorm in November of 1966, a state trooper came upon a wrecked automobile, belonging to the defendant’s mother, resting against a tree, some 15 feet off the road. The tire marks on the highway indicated that the car skidded for about 300 feet, crossed the road and continued going until it was finally stopped by the tree. After questioning some witnesses, the trooper repaired to a nearby hospital to which defendant had been removed. The officer found him, injured, in an emergency room; his father was with him. The officer asked the defendant if he had been driving the car involved in the accident and, when he admitted that he had, the officer gave him a traffic summons.
On the basis of this evidence, the defendant was convicted of operating a vehicle “ at a speed greater than is reasonable and prudent under the conditions ” (Vehicle and Traffic Law, § 1180, subd. [a]). On appeal, he contended primarily that there was no evidence of the speed at which he had been traveling. As indicated, the County Court reversed the conviction and dismissed the information on the sole ground that, since the trooper failed to warn the defendant of his rights — as the court thought necessary under Miranda (384 U. S. 436, supra) —before questioning him in the hospital, his statement that he was operating the automobile should have been excluded.
By statutory definition, a traffic infraction “ is not a crime ” (Vehicle and Traffic Law, § 155), and this court has held that not all the constitutional protections normally afforded to criminal defendants need be applied to those charged with such a minor offense. (See People v. Letterio, 16 N Y 2d 307, 311-312.) Nevertheless, a speeding conviction may have serious implications, including fine, imprisonment and possible suspension of a driver’s license. Consequently, at least in the absence of any undue administrative hardships, we have generally held that such prosecutions are governed by the rules of the criminal law. (See, e.g., People v. Firth, 3 N Y 2d 472, 474; Squadrito v. Greibsch, 1 N Y 2d 471, 476; People v. Hildebrandt, 308 N. Y. *291 397.) Whether or not this includes the right to a warning under Miranda (384 U. S. 436, supra) is, however, a question which we need not decide in the.present case, since under no view of the facts may it be said that this defendant was in the custody of the authorities at the time he made his statement.
A person, not actually placed under arrest, is not deemed in custody when questioned by the police unless “ the questioning takes place under circumstances which are likely to affect substantially the individual’s ‘ will to resist and compel him to speak where he would not otherwise do so freely.’ ” (People v. Rodney P. [Anonymous], 21 N Y 2d 1, 11; see, also, People v. Shivers, 21 N Y 2d 118,121.) In the case before us, the police officer, after speaking with the defendant’s father, asked the defendant a single question, wrote out a summons and left. That was the extent of the interrogation and, quite obviously, it was not the sort of “ incommunicado police-dominated atmosphere ” or custodial interrogation at which the Miranda rule is aimed (384 U. S. 436, 456, supra). Even if it were to be decided that Miranda applies to traffic infractions such as this — and, as already stated, we do not pass upon the question—it is clear that there was no constitutional prohibition against the use of the defendant Phinney’s admission.
This brings us to the point, strongly urged by the defendant to support the County Court’s determination, that the People failed to adduce evidence to establish his guilt. However, the court below, in reaching its conclusion, indicated that it gave consideration only to the constitutional issue. Consequently, since the reversal was solely on the law, we remit the case to the County Court to afford it an opportunity to pass on the facts. (Code Crim. Pro., § 543-b; see, e.g., People v. Rossi, 11 N Y 2d 379, 386.)
The order appealed from should be reversed and the case remitted to the County Court, Jefferson County, for its determination of the facts.
Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed and case remitted to County Court, Jefferson County, for further proceedings in accordance with the opinion herein.