**Vance V. ALLEN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20955.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 10, 1967.

Decided Aug. 23, 1968.

Mr. Richard H. Speidel, Washington, D. C. (appointed by this court) for appellant.

Mr. Albert W. Overby, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank O. Nebeker and John H. Treanor, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and TAMM and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

On January 25, 1968, we remanded this case for a determination whether appellant was prejudiced by the erroneous denial to him of access to the grand jury testimony of police officer Vincent Tassa.[1] The nature of the evidence adduced on remand has prompted appellant to move for a modification of Part I of the opinion.

The opinion of January 25 remanding to the District Court treated two claims pressed by appellant. In Part I, we held that Officer Tassa, on the basis of his courtroom testimony, was entitled to relate to the jury a confession claimed to have been made by appellant. The confession was ruled admissible after we concluded on the basis of the record that although appellant was not warned of his constitutional rights, he was not the subject of "custodial interrogation" at the time he made the admissions. In Part II of the opinion we held that the trial court erred in honoring the Government's refusal to produce the grand jury testimony of Officer Tassa, and we ordered that appellant's request be granted.

The grand jury testimony which was required to be produced is at variance with the foundation assumptions on which Part I of the opinion was bottomed. Contrary to his testimony at trial, Officer Tassa told the grand jury: that Earvel Jeffries (the alleged assault victim) could talk coherently at the time Tassa apprehended appellant; that in a lengthy conversation, related to the grand jury, Jeffries expressly identified appellant as his assailant; and that appellant confessed "approximately ten minutes" after he had been arrested. This, of course, makes out a clear violation of Miranda v. State of Arizona,[2] for the prohibition of that case against statements, taken without warning of rights, plainly applies even where "custodial interrogation" takes place on the street.

On remand, the District Court ordered a new trial after properly concluding that appellant was prejudiced by not having Tassa's grand jury testimony. On May 20, 1968, the Government dismissed the case. Appellant asks that Part I of our opinion be re-examined as to the validity of its basis in human experience, characterizing it as an opinion in search of facts.

There can be no gainsaying the importance of disposing of constitutional issues on a record that presents the facts

---

1. Allen v. United States, 129 U.S.App.D.C. 61, 390 F.2d 476 (1968).

2. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

with verisimilitude.[3]  However, we do not think that in this case it is necessary to take the unusual step of rescinding or modifying Part I of our opinion because the facts assumed therein have subsequently been undermined.  We think the interest of justice is adequately served by cautionary clarification, in this supplemental opinion, that while our prior opinion suggested that there is modest scope for on-the-street questioning without *Miranda* warnings, the court cannot accept such statements in evidence unless it is affirmatively satisfied that they were not preceded or accompanied by custodial interrogation.

Motion denied.

McGowan, Circuit Judge, dissented.

---

3.  Compare Mr. Justice Fortas concurring in dismissal of certiorari as improvidently granted in Wainwright v. City of New Orleans, 392 U.S. 598, 88 S.Ct. 2243, 20 L.Ed.2d 1322 (June 17, 1968):

    [T]he facts necessary for evaluation of the dispositive constitutional issues in this case are not adequately presented by the record before us.  It is also entirely clear that they cannot now be developed on remand with any verisimilitude. * * *

    * * * * *

    * * * Our jurisprudence teaches that we should decide issues on the basis of facts of record.  This is especially important in the difficult, dangerous, and subtle field where the essential office of the policeman impinges upon the basic freedom of the citizen.