Cheshire,
No. 5752.

STATE *v.* GEORGE KUNZE.

February 27, 1970.

*R. J. Shortlidge, Jr.,* City Solicitor ( by brief and orally ), for the city of Keene.

*William D. Tribble,* for the defendant, filed no brief.

KENISON, C. J.   The issue presented in this case is whether the defendant property owner is in violation of the statute ( RSA 147: 8 ) which requires connection to a public sewer if there is one within one hundred feet thereof. Specifically in this case the defendant's premises are within one hundred feet thereof but his dwelling houses are more than one hundred feet from the sewer. The statute in pertinent part reads as follows: "No person shall occupy . . . a building . . . unless such building shall have readily accessible adequate toilet and lavatory facilities . . . ; and unless said building shall be provided with suitable drains or sewers for conveying waste water and sewage away from the premises into some public sewer, if there be one within one hundred feet thereof . . . ." The penalty for violation of the statute is a fine. RSA 147:9.

The Keene district court, *Davis,* J., transferred the question of law whether the defendant was in violation of the statute ( RSA 147:8 ) on an agreed statement of facts submitted by the parties pursuant to the provisions of RSA 502-A:17-a. *State* v. *Keating,* 108 N. H. 402, 236 A. 2d 684; *State* v. *Teas,* 108 N. H. 485, 238 A. 2d 737. The case transferred by the Keene district court states the facts and contention of the parties as follows: "This is a complaint in which the Defendant, the owner of real estate situated in Keene, County of Cheshire and State of New Hampshire, is charged with violation of Chapter 147, section 8, in that

he occupied a dwelling house without having connected the same with a public sewer system.

"The parties agree that the City of Keene has established a public sewer on Arch Street in said Keene; that the Defendant's real estate borders on said Arch Street within fifty feet of said sewer; that the Defendant occupies a dwelling house situated on said property, which house is more than one hundred feet from said sewer, and the Defendant maintains for dwelling purposes a trailer, which the parties agree is a dwelling house, between five hundred and fifty and six hundred and fifty feet from said sewer; that for the purposes of this case there is no issue as to the propriety of the establishment of the said sewer; that the Defendant has been notified by the City of Keene to connect with said sewer, but has failed and refused to do so.

"The Defendant contends that since the dwelling houses are situated more than one hundred feet from said sewer, the Defendant is not required under said statute to connect therewith. The City of Keene contends that the real estate upon which Defendant's dwelling houses are located constitutes the premises, and as it is within one hundred feet of said sewer the Defendant is required by said statute to connect to the public sewer.

"The issue raised by said facts and contents is hereby reserved and transferred without ruling for determination by the Supreme Court."

As pointed out in *Hutchinson* v. *City of Valdosta*, 227 U. S. 303, 308, 57 L. Ed. 520, 33 S. Ct. 290: "It is the commonest exercise of the police power of a state or city to provide for a system of sewers and to compel property owners to connect therewith." Sanitation statutes and ordinances have traditionally and from an early date been construed liberally to effectuate their purpose. *Commonwealth* v. *Roberts*, 155 Mass. 281, 29 N. E. 522 ( 1892 ); 3 Sutherland, Statutory Construction *s.* 7202 ( 3d ed. 1943 ); 3 Antieau Municipal Corporation Law 7, *s.* 23.23 ( 1967 ). *See State* v. *Griffin*, 69 N.H. 1, 39 A. 260. We turn to the legislative history of the statute ( RSA 147:8 ) to determine whether the legislative purpose was to make the one hundred foot requirement applicable to the premises or to the buildings occupied thereon.

The statute was first enacted in 1869 and provided that no person should occupy a building as a dwelling-house unless provided with drains or sewers to carry away the water from the premises into a public sewer whenever there be one " . . . *within*

*one hundred feet of said dwelling-house* . . . ." [emphasis supplied] Laws 1869, chapter 8, section 1. Thus in the beginning it is clear that the one hundred foot requirement was applicable to the dwelling-house or building and not to the land or premises. This provision remained unchanged in the revision of the General Laws. GL 111:7 ( 1878 ). The amendment by Laws 1881, chapter 89, section 1 made the statute applicable to lessors of buildings but made no other change in the statute.

In the revision and codification of the Public Statutes in 1891 the change made was to substitute the word "thereof" for the phrase "of said dwelling-house." PS 108:8 ( 1891 ). This change made the italicized part of the original 1869 provision ( " . . . within one hundred feet of said dwelling-house . . ." ) to read " . . . within one hundred feet thereof . . . ." An examination of the Report of the Commissioners to Revise, Codify, and Amend the Public Statutes of New Hampshire ( 1890 ) at *pp.* 323-324 makes it clear that no change in meaning was intended. In the margin of the proposed change there appeared the symbol "v." which is explained at page iii of the Introductory Report of the Commissioners as follows: "The letter 'v' in the margin indicates that a verbal change has been made in the section. Numerous changes of this kind have been made . . . Where the letter 'v' is used, there was no intention to change the law." Minor changes have been made in the statute since that time but they do not affect the wording of that part of the statute that is in issue in this case. Laws 1907, chapter 106, section 1; PL 140:8 ( 1926 ); RL 165:8 ( 1942 ); Laws 1947, chapter 49, section 1.

The answer to the question of law transferred by the district court of Keene is that the defendant has not violated the provisions of RSA 147:8 because his dwelling-house and trailer are more than one hundred feet from the public sewer.

*Remanded.*

All concurred.