Nashua District Court,
No. 6048.

STATE *v.* GEORGE H. WILDMAN.

June 30, 1970.

*Warren B. Rudman,* Attorney General, and *Henry F. Spaloss* and *David H. Souter,* Assistant Attorneys General ( *Mr. Souter* orally ), for the State.

*John B. Ford* ( by brief and orally ), for the defendant.

GRIMES, J. The defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor. He moved in the District Court of Nashua to suppress evidence of a blood test administered under RSA 262-A:69-a ( supp. ) on the ground that the officer had told him he was "required" to take a test rather than that he was "requested" to take a test.

The reserved case states that the officer told the defendant he was required to take a blood test and that his failure to take the test would result in the automatic suspension of his driver's license for 90 days and that he could have an additional test by a doctor of his own choosing. The court denied the motion to suppress and transferred the defendant's exception in advance of further proceedings.

Under RSA 262-A:69-a through g a defendant is required to submit to a blood test if he wishes to avoid revocation of his license. The use of the word "required" by the officer would call for the suppression of the evidence only if it induced defend-ant to submit to the test when he otherwise would not have. There is no stenographic record before us as to what evidence was introduced before the district court and the court made no specific findings. The context in which the word was used would not

compel a finding that it misled the defendant, and the court's denial of the motion implies a finding that it did not. We cannot say on the record before us that the ruling was not justified. *See Medico* v. *Almasy,* 108 N.H. 324, 234 A.2d 527.

*Exception overruled; remanded.*

All concurred.