Nashua District Court,
No. 6113.

### STATE v. PAUL DESJARDINS.

December 30, 1970.

*Warren B. Rudman*, Attorney General, *Henry F. Spaloss*, Assistant Attorney General and *W. Michael Dunn*, Assistant Attorney General ( *Mr. Dunn* orally ), for the State.

*Harkaway, Gall & Shapiro* ( *Mr. Leonard P. Shapiro* orally ), for the defendant.

DUNCAN, J. The defendant was convicted of driving while under the influence of intoxicating liquor, following an accident which occurred in Nashua on March 12, 1970 at approximately 1:42 A.M. In the course of the trial he moved to strike the testimony of the arresting officer that the defendant had admitted that he was the driver of the vehicle, upon the ground that he was given no prior warning of his right to remain silent. The motion was denied subject to defendant's exception, as was his motion to suppress the evidence made at the close of the State's evidence.

The " question of law raised by the defendant's motion for suppression " of the evidence was reserved and transferred by the Justice of the district court ( *Guertin*, J. ).

The testimony at the hearing in the district court was not recorded. *See State* v. *Wildman*, 110 N.H. 340, 267 A.2d 575 ( 1970 ). The reserved case states that no evidence beyond the testimony of the arresting officer was introduced to show that the defendant was the operator of the vehicle. The testimony of the officer is summarized by the reserved case as follows: " Upon approaching the scene of the accident, he first saw the

defendant standing outside the vehicle on the driver's side and two other persons standing outside on the opposite side of the vehicle. A fourth person remained in the vehicle and appeared to be asleep or unconscious. The defendant smelled of alcohol, was bleeding from two lacerations about the eyebrows, appeared drunk, and was arrested by the officer for drunkenness at 1:50 a.m. He was then asked if he was the driver of the vehicle, without being warned of his right to remain silent or his right to have counsel. The defendant, without these warnings, admitted that he was. The officer then arranged to have the defendant transported to the hospital for medical treatment and blood tests while he, the arresting officer, returned to the station to swear out a warrant against the defendant for driving while under the influence. The officer then reported to the hospital at approximately 2:30 a.m. where the defendant was still awaiting treatment and at which time he arrested the defendant for driving while under the influence of intoxicating liquor. At this time and for the first time, the defendant was advised of his rights under the implied consent law and was given the warnings as established by *Miranda vs. Arizona* 384 U.S. 436 16 L.ed.2d 694."

The offense of which the defendant was convicted is subject to a penalty of imprisonment for not more than six months or a fine of not more than five hundred dollars, or both. RSA 262-A:62 (supp.). The statute also requires revocation of the defendant's license for sixty days, and in the discretion of the court permits revocation for a period not to exceed two years. *Id.* The offense may thus be considered to be within the class designated by federal statute as "petty offenses" (18 U.S.C.A. s. 3006A (a)) and by the Supreme Court of New Jersey as a "motor vehicle violation." *State* v. *Macuk*, 57 N.J. 1, 268 A.2d 1, 5 (1970). It is not however a "petty offense" as defined by RSA 604-A:1 (supp.) as amended in 1967, relating to representation of indigent criminals, since the penalty may be imprisonment.

The *Miranda* case (*Miranda* v. *Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 706, 86 S. Ct. 1602, 1612 (1966) upon which the defendant relies requires that before a police officer interrogates a person who is in custody "or otherwise deprived of his freedom . . . in any significant way," he shall first give him certain specified warnings, including notice of his right to remain silent, warning that his statements may be used against him, and particulars concerning his right to the assis-

tance of counsel. We are not concerned with modifications embodied in 18 U.S.C.A. *s.* 3501, because its application is restricted to federal prosecutions. *See* Note, 57 Cal. L. Rev. 740 ( 1969 ).

According to the reserved case, the warnings prescribed by *Miranda* were not given in the case before us until after the officer had asked the defendant if he was the driver of the vehicle. The defendant's contention centers upon the officer's testimony that the defendant had previously been arrested for drunkenness. *Cf. State* v. *Scanlon,* 110 N.H. 179, 263 A.2d 669 ( 1970 ). He argues that *Miranda* required that his statement be excluded from evidence, because it resulted from interrogation while he was in custody and before he was warned of his rights. *Mathis* v. *United States,* 391 U.S. 1, 20 L. Ed. 2d 381, 88 S. Ct. 1503 ( 1968 ). *See Orozco* v. *Texas,* 394 U. S. 324, 22 L. Ed. 2d 311, 89 S. Ct. 1095 ( 1969 ). For reasons hereinafter stated, we are of the opinion that the record does not establish that the district court erred in denying the motion to suppress the evidence of the defendant's statement.

In this jurisdiction, prosecution to conviction and sentence following an arrest for drunkenness ( RSA 570:14 ), is uncertain, and a "sometime thing." Such an arrest is often as much for the protection of the offender as of the state, since in his discretion the arresting officer may with impunity release the offender without taking him before any court. RSA 594:18-a ( supp. ). *See State* v. *Teas,* 108 N.H. 485, 486, 238 A.2d 737, 738 ( 1968 ).

Historically, drunkenness was a minor offense within the jurisdiction of justices of the peace, and the offender had no right to trial by jury under article 15, part I of the Constitution. *Wilmarth* v. *King,* 74 N.H. 512, 69 A. 889 ( 1908 ). However a jury trial is now provided for, by virtue of statute enacted pursuant to the authority of article 77, part II of the Constitution. RSA 502-A:11; *State* v. *Despres,* 107 N.H. 297, 220 A.2d 758 ( 1966 ); *State* v. *Ring,* 106 N.H. 509, 214 A.2d 748 ( 1965 ). The maximum imprisonment which can be imposed for either drunkenness or driving while under the influence is "not more than six months." RSA 570:22 ( supp. ); RSA 262-A:62 ( supp. ). Thus both offenses with which we are here concerned are offenses where trial by jury is afforded because of local requirements, although not compelled by the Federal Constitution. *Duncan* v. *Louisiana,* 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444 ( 1968 ); *Cf. Baldwin* v. *New York,* 399 U.S. 66, 26

L. Ed. 2d 437, 90 S. Ct. 1886 ( 1970 ). *See also Bloom* v. *Illinois*, 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477 ( 1968 ).

While the testimony of the officer, as related by the reserved case, was that the defendant was arrested for drunkenness before he told the officer that he was the operator of the vehicle, the reserved case fails to establish that the defendant was either taken into custody on the charge of drunkenness, or that he was "otherwise deprived of his freedom . . . in any significant way" before his arrest on the charge now pending. *Miranda* v. *Arizona, supra* at 444. On the contrary, the reserved case shows that he was transported to a hospital by someone other than the officer, while the officer left to procure a warrant at the station and then proceeded to the hospital, almost an hour later, to arrest the defendant on the pending charge. *See* Annot., 31 A.L.R.3d 565 ( 1970 ).

Not only does the record fail to establish that the defendant was in fact taken into custody, but so far as appears the officer's inquiry if he was the driver was part of a "general on-the-scene questioning" in investigation of the accident ( *see* RSA 262-A:67-a ( supp. ) ) of the sort which *Miranda* was not intended to impede. *Miranda* v. *Arizona, supra* at 477, 16 L. Ed. 2d at 725, 86 S. Ct. at 1629; *see* Annot., 25 A.L.R.3d 1076 ( 1970 ). The circumstances disclosed bear none of the hallmarks of inherently coercive police practices calculated to produce an involuntary confession. The observation of the court in *State* v. *Barnes*, 54 N.J. 1, 8, 252 A.2d 398, 402 ( 1969 ) is pertinent here: "In our efforts to protect a defendant's essential privilege not to be coerced into self incrimination, we cannot strain to bar as well those inculpatory situations which so clearly are not the product of inherently coercive police practices." *See also State* v. *Macuk*, 57 N.J. 1, 268 A.2d 1 ( 1970 ) *supra*; *People* v. *Phinney*, 22 N.Y.2d 288, 239 N.E.2d 515 ( 1968 ); *State* v. *Bliss*, 238 A.2d 848 ( Del. 1968 ); ABA Standards, "Providing Defense Services," *s.* 4.1, Commentary at 40 ( Approved Draft 1968 ).

Upon consideration of the nature of the offense with which the defendant was charged when questioned, and the fact that the evidence objected to was obtained in the course of a routine on-the-scene investigation of a motor vehicle accident, we are of the opinion that the principles of *Miranda* v. *Arizona* did not require exclusion of the officer's testimony.

*Exceptions overruled.*

KENISON, C.J. did not sit; GRIMES, J., dissented; the others concurred.

GRIMES, J. *dissenting*: I write in this case because I doubt it can withstand a test in the federal courts ( *Allen* v. *United States*, 404 F.2d 1335, 1336 ( D. C. Cir. 1968 ) ) and I do not think it can safely be relied upon in determining future police practices.

The contention that *Miranda's* requirements are limited to situations where the defendant's custody creates an inherently coercive atmosphere was rejected in *Orozco* v. *Texas*, 394 U.S. 324, 22 L. Ed. 2d 311, 89 S. Ct. 1095 ( 1969 ) where the defendant was questioned in his own home. In that case an officer testified that from the moment defendant gave his name he was under arrest and not free to leave, although it does not appear that the defendant was so informed. The Supreme Court after recognizing that *Miranda* spoke of the isolated setting of the police station and its compulsive influence nevertheless stated, " But the opinion [*Miranda*] iterated and reiterated the absolute necessity for officers interrogating people 'in custody' to give the described warnings, " and that *Miranda* " declared that the warnings were required when the person being interrogated was 'in custody at the station *or otherwise deprived of his freedom of action in any significant way.* ' " ( Emphasis added in *Orozco* ).

*Miranda* states that the fifth amendment privilege protects " persons *in all settings* in which their freedom of action is curtailed. " ( Emphasis added ). *Mathis* v. *United States*, 391 U.S. 1, 20 L. Ed. 2d 381, 88 S. Ct. 1503 ( 1968 ) tells us that neither the fact that defendant is in familiar surroundings nor the reason why he is " in custody " in any way affects the requirements of the *Miranda* warnings. It is also clear that a person can be in custody or otherwise deprived of his freedom of action without any actual physical contact with the officer or confinement. *Orozco* v. *Texas supra*; *Terry* v. *Ohio*, 392 U.S. 1, 19 n.16, 20 L. Ed. 2d 889, 905 n.16, 88 S. Ct. 1868, 1879 n.16 ( 1968 ); *Sibron* v. *New York*, 392 U.S. 40, 63, 20 L. Ed. 2d 917, 935, 88 S. Ct. 1889, 1903 ( 1968 ).

The fact that the question was asked at the scene does not relieve the officer of the requirement. *Miranda* in authorizing general on-the-scene investigations expressly specified " persons *not* under restraint. " ( Emphasis added ). The defendant in this case was under arrest at the time he was questioned. It matters not for what he was arrested. *Mathis* v. *United States supra*. Being under arrest he was under restraint and in the custody of the officer. RSA 594:1. It is immaterial that the officer could

later release him. The crucial point is his status at the time he was questioned. Being under restraint when questioned he was entitled to the *Miranda* warnings. *Allen* v. *United States supra*; *State* v. *Shoffner*, 31 Wis. 2d 412, 433, 143 N.W.2d 458, 468 (1966). Although it is immaterial whether he was later released, the record does not show he was in fact released. The reserved case simply states that "the officer then arranged to have the defendant transported to the hospital" and there was nothing to show that he was not still subject to the officer's control.