OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
This timely filed claim seeks damages for abuse of process, malicious prosecution, and negligence, arising from the alleged unauthorized issuance of a "uniform traffic ticket” to the claimant.
This claim had its origins in an incident occurring on May 21, 1976. On that date, Trooper Alfred H. Smith of the New York State Police received a call at approximately 6:10 p.m. to *786 return to his barracks to interview a woman who wished to file a complaint regarding an alleged violation of the Vehicle and Trafile Law. Upon his return, she related to him that she had been stopped at the intersection of New York State Routes 13 and 366, waiting to make a right hand turn onto Route 13. She stated that, while she was waiting for traffic to clear, the driver of a blue Chevrolet pulled up behind her, beeped his horn, made an obscene gesture, then pulled out from behind her and passed her on the left, making a sharp right hand turn across the front of her automobile and onto Route 13.
Officer Smith obtained the claimant’s address from a computer check of the license plate number given to him by the woman.
Without obtaining a written statement from the woman, and despite the fact that the offense did not occur in his presence, Officer Smith then immediately proceeded to the claimant’s home, where he interviewed the claimant.
Although the claimant admitted to operating the vehicle in question that day, he denied any wrongdoing, explaining that when he encountered the stopped vehicle, he beeped his horn and gestured to the operator to proceed, and when she failed to do so, he pulled around to the left of her vehicle and made a right hand turn onto Route 13.
No arrest was made; however Officer Smith, acting in good faith and believing there to be probable cause that an offense had been committed, issued a "uniform traffic ticket”, charging the claimant with a violation of subdivision (a) of section 1163 of the Vehicle and Traffic Law, which constituted a traffic infraction.[1] Based upon instructions that he had received when entering the force in 1968, he believed that he had authority, under the circumstances, to issue the ticket.
Thereafter, on May 28, 1976, claimant appeared in court as directed by the "uniform traffic ticket”. There is no evidence that Officer Smith had, prior to the claimant’s appearance, filed either an information or simplified information, as required by CPL 150.50 (subd 1). Likewise, no evidence was presented as to what occurred at this appearance, other than *787 that the claimant was required to post bail of $50 and told that a trial date would be set in the near future. Having never been advised of a trial date, the claimant, after several months passed, contacted an attorney, and the charge was ultimately dismissed on April 7, 1977.
The claimant contends that CPL 150.20 (L 1970, ch 996) delineates the circumstances under which an "appearance ticket”[2] may be issued. He argues that this section resticts the issuance of such tickets to only those circumstances where a warrantless arrest is authorized by CPL 140.10. He concludes that since CPL 140.10 does not permit an arrest for a traffic infraction not committed in the officer’s presence, the issuance of a traffic ticket under such circumstances is also improper. The alleged unauthorized issuance of the ticket is the predicate upon which the claimant’s various causes of action are founded.
In order to properly determine the issues presented here, the court must examine the nature and purpose of an "appearance ticket” and the authority for its issuance.
Prior to the enactment of CPL article 150 "appearance tickets” were primarily confined, on a State-wide basis, to traffic infraction cases. The "traffic ticket”, which was loosely referred to as the "summons”, had no statutory sanction for its issuance. (Mormon v Baran, 35 NYS2d 906.) There were no restrictions on the use of the ticket, and it appears that they were issued whether the offense was committed in the officer’s presence or not. (Cf. People v Boback, 23 NY2d 189.) It was not considered a process which compelled a defendant’s appearance in court.[3] (City of Buffalo v Neubeck, 209 App Div 386; Mormon v Baran, supra; cf. People v Boback, supra.) The issuance of the ticket did not constitute an arrest. (People v Scott, 3 NY2d 148; Jones v State of New York, 8 Misc 2d 140.) It was considered merely an invitation to appear and served as a notice that the defendant would be charged with an offense at a specified future date. (Matter of Coville v Bennett, 57 Misc 2d 838; People v Preble, 39 Misc 2d 411; Mormon v Baran, supra.) The issuance of the ticket itself did not consti *788 tute the commencement of a criminal proceeding. This depended upon the subsequent filing of an accusatory instrument with a court of appropriate jurisdiction.[4] (Code Crim Pro, § 144, repealed L 1970, ch 996, § 1; CPL 100.05.)
There are no reported cases that address the issue of whether the enactment of CPL article 150, and particularly CPL 150.20, restricted the issuance of "traffic tickets” to only those cases where a warrantless arrest was permitted under CPL 140.10.
A reading of CPL 150.20 reveals that its language is not proscriptive in this regard. Further, an examination of the commission reports on the then proposed Criminal Procedure Law (Fifth Interim Report of NY Temporary Comm on Revision of Penal Law and Criminal Code, Feb. 1, 1966; Sixth Interim Report of NY Temporary Comm on Revision of Penal Law and Criminal Code, Feb. 1, 1967) reveals no intent to restrict the issuance of "traffic tickets”, rather, the purpose of CPL 150.20 was to expand the State-wide use of the "appearance ticket” to all those cases where a warrantless arrest would be permitted. Therefore, the court concludes that the use of the "traffic ticket” was in no way restricted by the enactment of this statute.
Giving consideration to the nature and purpose of the "traffic ticket” and to the fact that its issuance here does not appear to be prohibited, the court turns to an examination as to whether such issuance was, in any event, tortious under the circumstances.
With respect to the claimant’s cause of action for abuse of process, three essential elements must be established. As stated by the Court of Appeals in Board of Educ. v Farming-dale Classroom Teachers Assn., Local 1889, AFT AFL-CIO (38 NY2d 397, 403): "First, there must be reguarly issued process, civil or criminal, compelling the performance or forebear anee of some prescribed act. Next, the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse or justification. * * * Lastly, defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process.” The tort of abuse of process depends upon the issuance of a *789 process. Here, the "traffic ticket” by its very nature, is not considered a process. Moreover, there is an absence of proof as to the other elements necessary to establish this tort.
The claimant’s cause of action for malicious prosecution likewise must fail. It was held in Broughton v State of New York (37 NY2d 451, 457, cert den sub nom. Schanbarger v Kellogg, 423 US 929), that: "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice”. Claimant has failed to establish these essential elements. Particularly, there has been no showing that a criminal proceeding had been commenced by the filing of an accusatory instrument.
Lastly, the claimant contends that the State was negligent in that Officer Smith was not made aware, by training or otherwise, of those circumstances under which a "uniform traffic ticket” could be properly issued. It is contended that the State, as well as Officer Smith, owed a duty to the claimant to only issue the "uniform traffic ticket” where permitted, and the violation of this duty exposes the claimant to the foreseeable risk that damage would ensue. This argument is without substance, since the issuance of the ticket was not prohibited here. Further, the claimant argues that Officer Smith was negligent in advising the claimant that he had to appear on the return date of the ticket. This statement, if made, exposed the claimant to no greater risk than the issuance of the ticket itself, which, as stated was not prohibited here.
Even assuming, arguendo, that the State was negligent, such was not the proximate cause of the claimant’s damage. The evidence established that the alleged damage to the claimant was sustained subsequent to his court appearance. Under the circumstances, the action taken by the local court at the time of his appearance and thereafter was an intervening and superseding cause, relieving the State from any liability in this matter.
In accordance with the foregoing, the claim must be dismissed, and the defendant’s motions to dismiss, made at the time of trial and upon which the court reserved decision, are hereby granted.

. The court notes, that although the violation charged related to "turning movements and required signals”, the narrative portion of the "uniform traffic ticket” issued referred to "improper passing”. The officer admitted that the discrepancy was an error and that he intended to charge the claimant with a violation of subdivision (a) of section 1163 of the Vehicle and Traffic Law.

. "Appearance tickets” includes, by definition, "uniform traffic tickets”. (See CPL 150.10.)

. "Appearance tickets” issued for the alleged commission of a misdemeanor may be deemed a process in light of section 215.58 of the Penal Law (L 1968, ch 510, § 4), wherein a penalty is prescribed for failure to appear on the return date. However, this section does not apply to traffic infractions, which is the case here.

. For a discussion of the sufficiency of the information or simplified informations used solely as a pleading, see People v Boback (23 NY2d 189) and cases cited therein.