OPINION OF THE COURT
Memorandum.
Judgment of conviction is unanimously reversed, on the law, fine remitted and information dismissed.
Defendant herein was convicted of driving without financial security on July 27, 1977, in violation of section 319 of the Vehicle and Traffic Law. At the trial, proof was offered by the People that the defendant was unable to produce an insurance card when stopped by a police officer and that the defendant’s insurer had sent a notice of termination to his broker which notice bore an effective termination date of May 25, 1977. Defendant, on the other hand, testified that he had secured insurance on his vehicle and had been given a temporary insurance identification card. Although the card provided for its expiration 60 days after date of issuance (April 22, 1977) defendant said that he had misplaced the card and was unaware of its expiration. He specifically testified that he never received any notice of cancellation from his insurer prior to receiving the summons.
Although the temporary insurance identification card set forth an expiration date, expiration was not self-executing but was conditioned upon service of a proper notice of termination (Vehicle and Traffic Law, § 311, subd 4, par [a]; § 313; 15 NYCRR 32.7; cf. American Mut. Ins. Co. of Boston v Klein, 84 Misc 2d 1064, affd 54 AD2d 747). The People offered no proof that such notice was sent to the defendant but relied upon the presumption set forth in subdivision 3 of section 319 of the Vehicle and Traffic Law that the failure to produce an insurance identification card is "presumptive evidence” of driving without financial security.
In order for a criminal statutory presumption to satisfy constitutional requirements, it must "at least be said with *1059 substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend (Ulster County Ct. v Allen, 442 US 140, 166, n 28; Tot v United States, 319 US 463; United States v Gainey, 380 US 63; United States v Romano, 382 US 136): While the aforementioned presumption satisfies this requirement where its effect is to show that a defendant never secured insurance at all, it cannot be constitutionally extended to prove that insurance properly secured was lawfully canceled in a case where a defendant alleges that this was not so. Since the People offered no proof whatsoever to the contrary, the defendant’s conviction must be reversed.
Concur: Farley, P. J., Pittoni and Slifkin, JJ.