OPINION OF THE COURT
Herman H. Tietjen, J.
Defendant was issued a uniform traffic summons for violation of subdivision 1 of section 319 of the Vehicle and Traffic Law, no insurance, in addition to two other summonses. At the trial, the arresting officer testified that while on routine patrol on October 1, 1981, he saw a vehicle traveling south on New York Route 9 in the Town of Rhinebeck. He saw that the vehicle lacked a current inspection sticker. The vehicle was stopped and the driver was asked to produce her registration and insurance card. Defendant could not produce either a current registration or insurance card as requested by the trooper. The arresting officer then testified as follows: “When I asked the *482 defendant for the insurance card she said ‘she had none.’ Then I asked her whether she had no card or no insurance.” Defendant’s attorney objected to the admission of the last statement on the ground that the People failed to comply with CPL 710.30 in disclosing oral admissions the defendant had made to the public servant. In addition he also objected on the grounds that the trooper should have given defendant the required warning pursuant to Miranda v Arizona (384 US 436). He claimed that stopping of the motor vehicle resulted in depriving the defendant of her freedom of action (cf. Delaware v Prouse, 440 US 648).
This case presents two questions for determination: First, whether a person who is stopped for a routine motor vehicle check must be given a Miranda warning before the arresting officer may testify to an answer given to him in connection with his request of the driver’s vehicle documents and second, whether defendant’s admission that she had no insurance must be excluded for failure of the People to comply with the requirements of CPL 710.30?
The United States Supreme Court in Delaware v Prouse {supra, p 663) held that the police must have an “articulable and reasonable suspicion” that a law has been violated by a motorist before he can be stopped at random. New York’s courts came to this conclusion in People v Ingle (36 NY2d 413). In the instant case, the trooper testified that he observed that the defendant had an expired inspection sticker on her windshield and this expressed an “articulable and reasonable suspicion” that there was a violation of the Vehicle and Traffic Law.
The arresting officer requested the driver’s registration and insurance card. This evidentiary material does not call for any personal statement on the part of the defendant. The courts of this State, applying Schmerber v California (384 US 757) have held that Miranda does not protect the use of physical evidence such as sobriety tests against a motorist without first giving a warning (see People v Rosenthal, 87 Misc 2d 186; People v Kates, 53 NY2d 591; People v Thomas, 46 NY2d 100).
Requesting a driver, therefore, to produce his registration and insurance card does not violate Miranda (cf. United States v Brignoni-Ponce, 422 US 873). In Brignoni *483 Ponce the court sanctioned limited questioning by the officer of the driver and occupants of the vehicle in order to determine their citizenship and immigration status “and he may ask them to explain suspicious circumstances” (422 US, at p 882). The court deemed a “valid public interest” to exist in determining the citizenship of persons near the United States border. The analogy of the foregoing can be applied to an officer’s questioning concerning whether a driver has insurance. New York has a “valid public interest” in resident motorists using its highways to have financial security in force (cf. Olivio v Government Employees Ins. Co. of Washington D.C., 46 AD2d 437; Vehicle and Traffic Law, § 310, subd 2).
New York’s courts, stating other reasons, have held that Miranda does not apply to vehicle and traffic infractions. In People v Bliss (53 Misc 2d 472) it was held that Miranda did not apply to a vehicle and traffic infraction since a person is not accused of a crime and all traditional constitutional safeguards were not meant to apply (see, also, People v Bailey, 60 Misc 2d 283; People v Phinney, 22 NY2d 288.) In Phinney the issue whether Miranda applied to a vehicle and traffic infraction was presented to the Court of Appeals. The court sidestepped the Miranda issue holding (p 290) that a traffic infraction “ ‘is not a crime’ ”, and all constitutional protections normally offered to criminal defendants should not apply, while on the other hand the rules governing criminal law do apply in vehicle and traffic trials. “Whether or not this includes the right to a warning under Miranda is, however, a question which we need not decide in the present case, since under no view of the facts may it be said that this defendant was in the custody of the authorities at the time he made his statement.” (People v Phinney, supra, p 291.) The court went on to say that a person not actually placed under “arrest” is not deemed in custody when questioned by the police unless “ ‘the questioning takes place under circumstances which are likely to affect substantially the individual’s “will to resist and compel him to speak where he would not otherwise do so freely.” ’ ” (People v Phinney, supra, p 291.) In Phinney the police officer’s questioning took place in a hospital and not on the open road. The court felt that this was not in a police *484 dominated atmosphere. Phinney was also decided prior to enactment of CPL 710.30.
In the recent decision of Robart v Post-Standard, (74 AD2d 963, affd 52 NY2d 843) the Court of Appeals reaffirmed the fact that the issuance of a traffic summons does not constitute an arrest (see, also, Farkas v State of New York, 96 Misc 2d 784). Since the defendant was not under “arrest” when she received the traffic summons and there was no showing on the part of the defendant that her “will to resist” had been impaired nor that she was in a “police dominated atmosphere”, this court concludes that Miranda should not apply.
This court believes that the growth of case law around Miranda has distorted its true meaning, that is, to protect citizens from overbearing police activity and warn them in advance of their right to legal counsel. Regrettably, the courts desiring to protect individual rights have gone too far and instead have created a legal web into which not only the police but they too have become enmeshed.
The police officer’s inquiry as to whether the defendant had an insurance card or no insurance card was directed to the discretionary question whether defendant should receive a summons at all. Miranda’s web, as defendant would have it, should be widened to include routine vehicle and traffic matters. This court refuses to add another thread to this already complicated snare.
We now turn to the question of whether defendant’s answer to the police officer’s question regarding ownership of insurance should be allowed in evidence pursuant, to CPL 710.30 (subd 1).
The intent of CPL 710.30 is to make a defendant aware of any incriminating statements which he made to a public servant prior to going to trial (cf. People v Briggs, 38 NY2d 319; People v Greer, 42 NY2d 170). With this information in hand, prior to trial a defendant can take necessary steps to prepare not only an adequate defense but also to hold intelligent pretrial hearings and determine whether he should take the witness stand in his defense. In view of defendant’s written request pursuant to CPL 710.30 (subd 1) and the People’s failure to supply informa *485 tian in regard to defendant’s admissions, the statement properly objected to must be excluded from evidence.
Despite the elimination of defendant’s admission against interest, the People still have met the burden of proof required by the statute. This case involved a driver/owner and not a person who is a nonowner of the vehicle. Thus, it is not necessary for the People to prove actual knowledge on the part of the driver concerning whether the vehicle was insured or not (cf. People v Pender, 100 Misc 2d 846; People v Chin, 96 Misc 2d 627).
The statute in question, subdivision 3 of section 319 of the Vehicle and Traffic Law, creates the rebuttable presumption that “3. Every person who operates a vehicle registered in this state, or a vehicle required to be registered in this state, shall, when required by the commissioner’s regulations, produce an insurance identification card when requested by any peace officer, acting pursuant to his special duties, police officer or magistrate. The failure to so produce such a card shall be presumptive evidence that such person was operating the vehicle without having in effect financial security required by the provisions of this chapter.”
Defendant failed to produce an insurance card when requested by the officer and never produced any card at or prior to trial. Neither did the defendant testify that she had insurance in effect at the time she was stopped. Had the defendant offered proof of insurance at the time of being stopped, the burden of proof would have shifted to the People to show that insurance on her vehicle was properly canceled and notice to the vehicle’s owner was given pursuant to sections 311 (subd 4, par [a]) and 313 of the Vehicle and Traffic Law. In People v Baron (103 Misc 2d 1057 [App Term, 2d Dept]) the court discussed the effect of the presumption created pursuant to subdivision 3 of section 319 of the Vehicle and Traffic Law and noted (p 1059) that it “satisfies this requirement where its effect is to show that a defendant never secured insurance at all”, however, where defendant raises the issue of insurance the statutory presumption “cannot be constitutionally extended to prove that insurance properly secured was lawfully *486 canceled in a case where defendant alleges that this was not so.”
This court finds defendant guilty of violation of section 319 of the Vehicle and Traffic Law as charged and assesses the fine of $100.