Donald R. Becker, Esq. Town Attorney, Newburgh
I am writing in response to your request for an Attorney General's opinion as to the authority of a police officer to issue a motorist a ticket for a traffic infraction which did not occur in the officer's presence.
Traffic infractions are defined under section 155 of the Vehicle and Traffic Law (V T Law) in the following way:
 "[t]he violation of any provision of this chapter, except articles forty-seven and forty-eight,[*] or of any law, ordinance, order, rule or regulation regulating traffic which is not declared by this chapter or other law of the state to be a misdemeanor or felony" (V T Law, § 155).
Traffic infractions are commenced by means of a simplified traffic information, or uniform traffic ticket, the form of which is prescribed by the Commissioner of Motor Vehicles (Criminal Procedure Law, §§100.10[2][a]; 100.25[1]). Under the CPL, the ticket only "designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges" (id., § 100.10[2][a]).
Section 155 of the V T Law also provides that for purposes of an arrest without a warrant, traffic infractions are deemed to be offenses (V T Law, § 155). The CPL provides that a police officer may only arrest a person whom the officer believes has committed an offense in his presence
(CPL, § 140.10[1][a]). Your question is whether this standard also applies to the issuance of a traffic ticket.
Initially, we note that the restriction in section 140.10 applies only to warrantless arrests for offenses:
 "Subject to the provisions of subdivision two, a police officer may arrest a person for:
 (a) any offense when he has reasonable cause to believe that such person has committed such offense in his presence" (CPL, § 140.10[1][a]).
No such restriction is placed on a police officer's authority to issue appearance tickets, which is separate and distinct from making an arrest (People v Scott, 3 N.Y.2d 148 [1957]).
Issuance of appearance tickets is governed, inter alia, by article 150 of the CPL. Although section 150.20 appears to limit a police officer's power to issue tickets to those circumstances under which an arrest can be made,* the power is more expansive than that set forth in the section. It has been held that section 150.20 was not intended to restrict police officer's ticket-issuing power, but to expand it (Farkasv New York, 96 Misc.2d 784, 788 [Ct of Claims, 1978]). The power to issue tickets for offenses committed outside the officer's presence predated the enactment of the CPL (see People v Boback, 23 N.Y.2d 189 [1968]), and not having been restricted by the CPL provisions, remains in effect. InFarkas, the court found that a State trooper was justified in issuing a ticket for a traffic infraction not committed in his presence. Addressing the effect of section 150.20 on police officer's authority to issue tickets, the court found as follows:
 "There are no reported cases that address the issue of whether the enactment of CPL article 150, and particularly CPL 150.20, restricted the issuance of `traffic tickets' to only those cases where a warrantless arrest was permitted under CPL 140.10.
 "A reading of CPL 150.20 reveals that its language is not proscriptive in this regard. Further, an examination of the commission reports on the then proposed Criminal Procedure Law (Fifth Interim Report of N Y Temporary Comm on Revision of Penal Law and Criminal Code, Feb. 1, 1966; Sixth Interim Report of N Y Temporary Comm on Revision of Penal Law and Criminal Code, Feb. 1, 1967) reveals no intent to restrict the issuance of `traffic tickets', rather, the purpose of CPL 150.20 was to expand the State-wide use of the `appearance ticket' to all those cases where a warrantless arrest would be permitted. Therefore, the court concludes that the use of the `traffic ticket' was in no way restricted by the enactment of this statute" (96 Misc.2d at 788).
We conclude that police officers may issue tickets for offenses which were not committed in their presence.
* Articles forty-seven and forty-eight provide for the regulation of snowmobiles and water vessels (V T Law §§ 2220, 2258).
* Section 150.20 provides, in relevant part:
 "Whenever a police officer is authorized pursuant to section 140.10 to arrest a person without a warrant for an offense other than a felony, he may, subject to the provisions of subdivisions three and four of section 150.40, instead issue to and serve upon such person an appearance ticket" (CPL, § 150.20[1]).